SAMUEL CAMPBELL, defendant below, *vs.* NATHANIEL WILSON,
plaintiff below.—*IN ERROR.*

THE county court has power to refer a cause, by consent of the parties, in any case.

A party to an action on book, originally commenced before a justice of the peace, having consented
to a reference of the cause to auditors by the county court, is estopped to question its regularity on
a writ of error.

A judge, acting as a constituent part of the court, cannot appoint himself auditor: But where it
does not appear from the record, that the auditor was a judge of the court, or that he sat as such
in the cause, and especially where the appointment appears to have been made with the consent
of the parties, the judgment will not be reversed for that cause.

ERROR, from Grand-Isle county court. The grounds of the
errors relied upon were, 1st. That the court referred the cause
to an *auditor*, notwithstanding it was an action on book account,
originally commenced before a justice of the peace. 2dly. That
the court appointed *Joel Allen*, one of the judges of the same
court, to be the auditor.

At the next term after the judgment complained of was ren-
dered, the county court, on motion of the plaintiff, (the present
defendant in error,) *amended* their record; from which record,
*as amended*, it appeared that *Joel Allen* was appointed the audi-
tor *upon the agreement of the parties.* The defendant in error
now brought up and filed in this court a copy of the record as
amended; from which it would appear there was a discrepancy
between the writ of error and the record upon which it pur-
ported to be founded.

*Smalley*, for the plaintiff in error, contended, that this amend-
ment could not be got up before this Court in this manner.—
That it must have been by a *certiorari* from this court, on sugges-
tion of a diminution of the record.

THE COURT said they had never been in a habit of sending
out writs of *certiorari*, and suggested, that as the case stood, an
amendment of the writ of error was necessary. The party ac-
cordingly amended the writ, conformably to the amended rec-
ord.

*Turner*, in support of the errors assigned. It is important, as
this is not a common law proceeding, that the defendant below
should be availed of his legal privileges. The plaintiff proves
his claim by his own oath ; and the defendant can plead nothing
in bar that he ought not to account. The proceedings of the
auditor must therefore be subject to revision *somewhere*, and to
that end, it is right and reasonable that the *items* of the account
should be returned with the report. If the report is perfectly
a dead letter, and the party objects to the whole in court, what
more can he do ? It does not appear, nor can it appear
from the record, (the items not being returned,) what was ob-
jected to.

[SKINNER, Ch. J. *It does not appear that any objection was
made to the acceptance of the report, on account of the items
not being returned.*]

*Grand-Isle,*
January,
1826.

Campbell
*vs.*
Wilson.

Mr. *Turner* continued. As to the court appointing one of their own body to be the auditor, the fact is stated, and stands as demurred to. It is therefore to be taken as true. The county court certainly knew their own body; and when this objection was made, they could not be mistaken as to the fact. They are *interested.* If they may step down from the bench and audit an account, and resume their seats and accept it, they are interested on the score of fees. And this interest may prompt them to make themselves auditors in all cases. But, it is said, this was done by the parties. It was done to prevent the appointment of a worse man. It is improper for any man or set of men to review in one capacity, a judgment which they themselves have rendered in a different capacity.

The Court declined hearing counsel on the other side, and their opinion was delivered by

Prentiss, J. It is unnecessary to give any opinion upon the general question, whether actions on book account, brought to the county court by appeal from a justice, are to be referred to auditors, like actions of that nature originally commenced in the county court, or are to be tried, and the sum in arrear to be found by the jury; because, it appears from the record, that the reference to the auditor, in this case, was by the agreement and consent of the parties. The court has power to refer a cause by consent of parties in any case, and the proceeding in this case might well be considered in the nature of a rule of reference. Having agreed to the reference, and appeared and submitted to a hearing before the auditor, the plaintiff in error is bound by the proceeding, and is estopped to question its regularity. It has been held, that a writ of error will not be sustained, where it is brought by a party against his agreement, or that of his attorney, made in the course of the action. (*Wright* vs. *Nutt,* 1 *T. Rep.* 388.—*Coates* vs. *West,* 2 *T. Rep.* 183.) And on the same principle, it ought not to be sustained, if founded on a proceeding to which he has assented and agreed.

It would be a manifest inconsistency to hold, that a judge, acting as a contituent part of the court, can appoint himself auditor, or that the same person can act as judge and auditor in the same cause. On the return of the report, the court is to review the doings of the auditor, so far, at least, as it respects their legality, and either accept or set aside the report, as the case may require. To act in the capacity of auditor in adjusting the account, and then in the capacity of judge in hearing and determining upon exceptions to his report, would be palpably inconsistent. The respective duties are incompatible, and the same person cannot act in the two different capacities. But there appears to be no reason, why a judge of the court in which the action is pending, if he does not sit or act as such in the cause, may not be appointed, and perform the duties of auditor, especially with the consent of parties, as well as any other person. The other judges are a court without him, and his appointment as auditor, and judgment on his report, may be the acts of

*Grand-Isle,* the court constituted of the other judges. And they must be
*January,* taken to have been so in this case; for it does not appear from
*1826.* the record, nor is it assigned for error, that the auditor formed
*Campbell* a part of the court in any of the proceedings in the action. In-
*vs.* deed, he is not named as judge in the record, nor does it appear
*Wilson.* that he was such.

Neither of the errors relied upon furnishing any sufficient
cause for reversing the judgment, it must be affirmed.

Judgment affirmed.

*Bates Turner* and *Benj. H. Smalley,* for the plaintiff in error.

*Albert G. Whittemore* and *Israel. P. Richardson,* for the de-
fendant in error.