GRAND-ISLE,
January,
1829.

**ELIAS HOWARD** vs. **LYDIA CONRO,** adm'stratrix of **ABNER CONRO.**

When a rule of reference made under the statute authorizes all or a major part of the referees to make a report, all must be present and hear the parties on the matters submitted.

But if the parties mutually agree to dispense with the attendance of one of the referees, and, in pursuance of such agreement, appear and submit to a hearing before the others, the report will not be set aside on the ground that all were not present at the hearing.

This was an action of *assumpsit* on a promisory note, commenced before a justice of the peace, and was brought into the county court by appeal. The court, by agreement of parties, referred the cause and all matters in dispute to three referees, the report of whom, or a major part of them, was to be final between the parties. The referees afterwards met, and examined and adjusted a part of the concerns of the parties, when the defendant moved for a continuance of the reference to a future time. But as one of the referees could not attend at the time to which it was proposed to continue the cause, the parties consented and agreed to dispense with the attendance of said referee, and proceed to trial before the other two. It appeared that *Howard,* the plaintiff, consented to the arrangement in consequence of the advice of his counsel, who supposed that the two referees were legally empowered to hear and try the cause, and could compel the plaintiff to go to trial without the attendance of the other. Under these circumstances the reference was continued to a subsequent day, when the parties proceeded to trial before the two referees only, and no objection was made on account of the absence of the other. The two referees who tried the cause having made a report to the court, the plaintiff objected to its accceptance on the ground that all

the referees ought to have been present at the trial, alleging that at <span style="float:right">GRAND-ISLE, *January*, 1829.</span> the time he agreed to dispense with the attendance of one of them, he supposed he was obliged to submit•to a trial before two only. The court, however, accepted the report. The plaintiff filed his exceptions to the decision, and the case was reserved for the opinion of the Supreme Court.

<span style="float:right">Howard *vs.* Conro, adm'x. of Conro.</span>

After argument, the opinion of the Court was delivered by

PRENTISS, J.—The statute authorizes either the county or Supreme Court, by the consent of parties, to refer any cause pending in it, to the determination of such number of men, as shall be agreed upon by the parties; the report of whom, or a major part of them, as the parties shall agree, to be final and conclusive. When the submission is to three or more'referees, and the rule is silent as to the number that must agree, or does not expressly authorize the majority to make a réport, it is necessary that all should concur in the report. This rests upon the general principle, that where an undivided authority is confided to several persons for a private purpose, all must join in the act to be performed under it; though it is otherwise, where the power delegated is not of mere private confidence, but of a general or public nature. When the rule of reference authorizes all or a major part of the referees to make a report, as it does in the case before us, there is of course no necessity for all to agree, but a report by a majority, according to the terms of the rule, will be *prima facie* valid. In the case of *Dalling* vs. *Matchett, Willes*, 215, it was determined, that when a cause is referred, under a rule of court, to three persons, and they or any two of them are empowered to make an award, an award made by two of them is good, if the third had notice of the meeting of the arbitrators, and either by obstinacy, or at the desire of the defendant, or being hindred by business, absented himself from such meeting; otherwise, the court observed, it would be in the power of one of the parties to trick the other, and entirely defeat him of the benefit of the reference, by naming an arbitrator, who, he was sure, would not, or could not, attend. A submission, under a rule of court, is irrevocable; so much so, that the plaintiff, unless the rule is discharged, or has expired by its own limitation without being executed, cannot discontinue the action, or become nonsuit, without the consent of the defendant.—(*Milne* vs. *Gratrix*, 7 *East*. 608.—*Haskell* vs. *Whitney*, 12 *Mass*. 47.) An objection to a report, on the ground of its being made on a hearing before two of the referees only, would seem to come with an ill grace from a party, who had himself desired and caused the absence of the third, for

GRAND-ISLE,
January,
1829.

Howard
vs.
Conro, adm'x.
of
Conro.

the purpose of defeating the reference ; and if the objection, un-- der such circumstances, is available, it will enable a party, though not formally and directly, yet in effect, to revoke the submission.

It has, however, been uniformly considered in this state, in case of a reference under the statute, that though the greater part of the referees are authorized to make a report, yet as the sub- mission is to all of them, all must be present and hear the parties on the matters submitted ; and this appears to be the principle which is established in *Massachusetts* and *New-York.—(Short* vs. *Pratt,* 6 *Mass.* 496.—*Mc'Inroy* vs. *Benedict,* 11 *John. Rep.* 402.) In the former case, it was held, that it must appear, af- firmatively and expressly, from the report itself, that all the refer- ees met and heard the parties, otherwise it will be error. But in *Yates* vs. *Russell,* 17 *John. Rep.* 461, it was determined, that where the report is signed by two of the referees only, without stating that the third was present at the hearing, it will not be a ground of error ; but if the party would avail himself of the ob- jection that all the referees did not assemble, he must raise it, on the coming in of the report, in the court to which it is returned.— This appears to us to be the more reasonable doctrine ; for though a report is made by two of the referees, in the absence of the third, it will not follow that the report, for that cause, must, at all events, be set aside, but it may, notwithstanding, under some cir- cumstances, be binding upon the parties. Although the law in general requires, and the parties have a right to claim, the pres- ence of all the referees in the hearing of the matters submitted, yet the parties, by an express agreement, may waive their right in this respect. If they mutually agree to dispense with the at- tendance of one of the referees, and in pursuance of such agree- ment appear and submit to a hearing before the other two, as was done in the present case, it is not competent for either party, in our opinion, to urge the absence of the third referee as an objec- tion to the report. In *Yates* vs. *Russell,* numerous cases are cited by chancellor *Kent,* in which the consent of parties has been held to "alter the form and course of the law ;" and in that case it was determined, that if the parties in a suit, *not referable under the statute,* consent and agree that a rule of reference be entered, and that judgment may be rendered on the report of the referees, all error is cured or taken away by the consent, and a judgment on the report of the referees, pursuant to such agreement, is as valid as if entered on a verdict. In the case of *Campbell* vs. *Wilson,* 2 *Aik. Rep.* 118, we referred to the cases of *Wright* vs. *Nutt,* 1 *T. Rep.* 388, and *Coates* vs. *West,* 2 *T. Rep.* 183, in which it is held, that a writ of error will not be sustained, where it is

brought by a party against his agreement, or that of his attorney made in the course of the action ; and we there adopted the principle, that a party is, in general, bound by a proceeding to which he has agreed and submitted, and is estopped to question its regularity.

GRAND-ISLE,
January,
1829.

Howard
*vs.*
Conro, adm'x.
of
Conro.

Judgment affirmed.

*H. Adams*, for plaintiff.
*A. G. Whittemore*, for defendant.