GastoN, J1
 

 It is insisted' on the part of the appellant that the Superior Court erred in rendering a judgment on the award,
 
 first,
 
 because the defendant had, before the award' made, revoked his submission to arbitration, and
 
 secondly,
 
 because the rule of reference, under which the arbitrators professed-to act, had expired on the first day of the term, at-which the award was returned, and the award was not in fact made until a subsequent day of the term:
 

 Where a submission to arbitration is made by the mere' agreement of the parties, beyond question, either of the parties can revoke such submission at any time before the award made; although he may thereby render himself; liable-'
 
 *336
 
 (o an action for a breach of his agreement. Every naked authority, until an act be done under it, is in law counter-mandable by him who has granted it. And in England, where a submission to arbitration is made by the parties under a rule of court, such submission is, in like manner, revocable by either party. The court, however, may, at its discretion, attach the party so revoking for a contempt. Notwithstanding the rule purports to be an order of the court, whereby the matters in difference are referred to the final determination of the arbitrators, yet the authority of the arbitrators is considered as derived from the submission of the parties and not under the order of the court. So fully is this held, that no reference whatsoever of a cause depending shall operate to stay the proceedings of the court therein, unless in the rule it be expressed, that the parties have agreed that all proceedings in the action shall, in the meanwhile, be stayed. See Watson on arbitration 11. And when an award is duly made under a reference by rule of court and is returned to the court, no judgment is thereupon rendered, as upon a matter ascertained through the agency of the court. Anciently the successful party was left altogether to his action to enforce the performance of the award, and even now, although the court
 
 may
 
 grant an attachment for contempt, because of the non-performance of the award, it is a matter of pure discretion to grant such attachment or not, and in very many cases, accordingly, it is refused. See Watson
 
 ut supra,
 
 ch. 10, s. 1 &
 
 2,
 
 and the cases there cited.
 

 . In this State, from our earliest recollection of its legal usages, an operation, in many respects essentially different, has been allowed to a reference, under an order or rule of court, of a matter pending before it to the determination of arbitrators. No such order could be be made, indeed, but by the consent of the parties, who were entitled to demand as of right the trial of their controversy according to the law of the land. But when, upon the consent of the parties, the subject matter of the cause was referred by the court, the tribunal thus constituted took cognizance of the matter referred under the authority of the court. For the time, the
 
 *337
 
 controversy was withdrawn from the court, and this drawal necessarily operated as a stay of proceedings in the court upon the cause in the meanwhile. The consent of the parties was essential to the making of the order, but, once made, the order existed
 
 proprio vigore
 
 and could not be annulled by the act of the parties. It might be revoked by act of law, as by the death of either of the parties, or by the marriage of a
 
 feme sole,
 
 one of the parties, which marriage operated as a; death of her civil rights; it might be rescinded or discharged by the court which had made the rule? and it would be discharged, as a matter of course, if both, parties wished it to be set aside. But unless so revoked or discharged, it remained in force, like every other order or rule of a court, until it was executed. And when the award was returned, unless it could be impeached for just cause, a judgment followed thereon of course, as a judgment of the court follows upon any other matter, legally ascertained by it or through the agency of its officers. This operation of the rule of reference and the practice under it have been found of great public convenience, have repeatedly received directly or indirectly the sanction of our courts, and are now too firmly rooted in our legal institutions to permit us to question the correctness of the principles, upon which they are understood to be founded.
 
 Cain
 
 v
 
 Pullam,
 
 1 Hay. 173.
 
 Simpson v McBee,
 
 3 Dev. 531.
 
 Waugh v Mitchell,
 
 1 Dev. & Bat. Eq. 510,
 
 Duncan
 
 v
 
 Duncan,
 
 1 Ired 466,
 

 As to the other objection to the award, it would be worthy of consideration, if the rule of reference could be regarded as limited in its duration to the next term of the court, whether, for the purpose of advancing justice, the whole of that term should not be considered as constituting in law but one day. But it follows clearly from what has been already said, that, unless the rule be expressly limited in its duration, it continues in force, until it be executed, or revoked by act of law, or discharged by the court.
 

 The court sees no error in the judgment below, and directs it to be affirmed.
 

 Per Curiam. Judgment affirmed.