### KNAPP *v* FISHER.

#### *Revocation of Reference. Evidence. New Trial.*

An entry upon the clerk's docket by the attorney of one of the parties, that "reference revoked June 7, 1875, before any report was filed," is no evidence of a revocation.

After a reference, agreed upon, has become a rule of court, until the rule is discharged, or expires by its own limitation, it is not competent for either party to revoke it.

In ejectment, plaintiff's west line was in dispute. Said line was not an original lot line, but an old division line between parcels of a lot, which had been occupied by the parties and their respective grantors for more than forty years. Plaintiff claimed on trial before referees, that a slash-fence that had been for many years the actual division line between the parties, was built in its location for convenience, and mutually understood to be several rods east of the true division line, while defendant claimed that his northeast corner was near said fence. On petition by plaintiff for a new trial on the ground of surprise at defendant's claim, it was *held* that, it being obvious that the line of occupation for so long a time, in the absence of any fixed monuments, and, apparently, the true line, would be very important evidence in determining the case, and the burden devolving on the plaintiff to overcome the force of such evidence, he should have been prepared to meet it, and a new trial was refused; and more especially, as it did not appear that plaintiff was denied opportunity and reasonable time to meet it.

EJECTMENT. The case was referred by agreement of parties. After hearing before the referees, but before report filed, plaintiff's attorney made the following entry on the clerk's docket: " Reference revoked June 7, 1875, before any report was filed. George W. Cahoon, attorney for plaintiff." The report was filed June 26, 1875. Plaintiff claimed that no judgment should be rendered on the report, because she had revoked the reference; and as proof of such revocation, she relied solely upon said entry. But the court, at the December Term, 1875, accepted the report

and rendered judgment thereon for the defendant; to which the plaintiff excepted.

The plaintiff brought petition for a new trial on the ground of surprise and newly discovered evidence. The case made thereby sufficiently appears from the opinion. Defendant pleaded in bar that plaintiff had filed a motion for new trial in the County Court, on the ground of newly discovered evidence; that testimony was taken and a trial had upon the merits of said motion, and the motion overruled.

*George W. Cahoon,* for plaintiff.

*Belden & Ide,* for defendant.

The opinion of the court was delivered by

REDFIELD, J. This action is ejectment; referred by agreement to certain referees named; report for the defendant, and judgment thereon for the defendant. After the referees had heard the case and made their report, but before it was filed, George W. Cahoon wrote on the clerk's docket these words: "Reference revoked June 7, 1875, before any report was filed. George W. Cahoon, attorney for plaintiff."

The exceptions state that there was no other evidence of the fact of such revocation, or of notice thereof to the referees, before the report was filed, than the docket itself. This written statement of Mr. Cahoon, that the reference *had been* revoked, is not evidence of the *fact* of revocation. Mr. Cahoon, doubtless, would not make a statement that he did not believe to be true, but this statement is not sworn evidence, and proves nothing. The docket is a book for the official use of the clerk, to keep therein entries of the orders, decrees, and judgments of the court, and should be kept strictly for that purpose. It is not a bulletin-board for the use of any one about court, whereon to post their notices. The docket shows no revocation in fact, and no notice of a revocation to the referees. If such entry on the docket were to be construed as notice to the parties of record, it was not to the referees.

II. After a reference, agreed upon, has become a rule of court, until the rule is discharged, or expires by its own limitation, it is not competent for either party to revoke it. The parties have a right to a jury trial; but they may waive that right, and do so when they mutually enter into a rule to try their case by the court or by referees. *Howard* v. *Conro*, 2 Vt. 492 ; *Rice* v. *Clark*, 8 Vt. 107 ; Cald. Arb. 77–8, and note ; *Haskell* v. *Whitney*, 12 Mass. 47.

In England, references of pending cases by agreement of parties to arbitrators, were formerly regarded, like other arbitrations, as a contract of the parties. The mode of enforcing the award was by attachment only, unless at *nisi prius*, when a verdict is taken, and made to conform to the report; and, in that case, the judgment is upon the verdict. But here, when the parties agree to a reference, and that is made a rule of court, it becomes the substituted method of trying the case, and irrevocable, and judgment is formally entered on the report, as, otherwise, it would be upon a verdict. The plaintiff can take nothing by his exceptions.

III. The petition for new trial is based upon surprise at the course of the defendant before the referees, and upon newly-discovered evidence. The plaintiff's west line was in controversy. This line was not made on the original settlement of the town, but was a division line between the fractions of a lot, and made a half-century since. The parties and their grantors have occupied their respective parcels for more than forty years. The defendant claims that his north-east corner is near the slash-fence, which for many years has been the actual division between the parties. The plaintiff claims that this slash-fence was built for convenience, and mutually understood to be several rods east of the true line. It is obvious that an intelligent party or counsel would consider that the line of occupation for so long a time, in the absence of any fixed monuments, and, apparently, the conceded line, would be very important evidence in the determination of the case. Apparently it would be conclusive, and the burden would be cast upon the plaintiff to do away with the great natural force of such evidence. The plaintiff should have been

Knapp *v.* Fisher.

prepared to meet that evidence. Besides, the case does not show that the referees denied opportunity to the plaintiff, and reasonable time, to meet defendant's evidence. It would be a dangerous precedent, to grant a new trial in a case thus tried, on the ground of surprise. The newly-discovered evidence is cumulative and inconclusive.

There are several questions that have been discussed at the bar that the case does not require us to decide. The testimony would indicate that the very question raised on this petition was fully heard in County Court on proof and argument of counsel, and the new trial asked for was denied. From the testimony of Mr. Ide, it would seem that the case was heard and decided on its merits. If this were so, in analogy to the conclusiveness of decrees and judgments in ordinary judicial proceedings, the plaintiff ought to be barred from further prosecution of this petition. This question was not discussed nor decided by the court; but I deem it proper to enter a caveat against such duplicate proceedings becoming a general rule of practice. There is about this case some grounds of suspicion that the plaintiff may have suffered wrong. One set of arbitrators had made an award in favor of the plaintiff, but before it was published, the defendant revoked their authority. And the plaintiff makes an unavailing effort to revoke the authority of these referees. It is evident that men of ordinarily good judgment are wide apart as to the merits of this controversy. But upon the proofs and the papers submitted to the court, there seems but one proper judicial course.

The petition for new trial is dismissed, but without cost; and the judgment of the County Court is affirmed.