LEVIN v. BERLIN et al. (two cases).

(Supreme Court, Appellate Division, Second Department. November 18, 1910.)

1. MOTIONS (§ 64*)—COMPULSORY REFERENCE—POWER TO ORDER.

    Where a justice, after the expiration of the time for a referee, to whom the issues were referred by consent, to file his report, denied a motion to again refer the issues to the same referee, the trial judge could not, while the order of the justice remained in force, order a reference.

    [Ed. Note.—For other cases, see Motions, Cent. Dig. §§ 88, 90; Dec. Dig. § 64.*]

2. REFERENCE (§ 31*)—APPEAL AND ERROR (§ 107*)—DENIAL OF MOTION TO VACATE ORDER OF REFERENCE—REMEDY.

    A party objecting to an order of reference must appeal therefrom, and his remedy is not by motion to vacate it.

    [Ed. Note.—For other cases, see Reference, Cent. Dig. § 58; Dec. Dig. § 31;* Appeal and Error, Cent. Dig. §§ 735–739; Dec. Dig. § 107.*]

Appeal from Special Term, Queens County.

Action by Adolph Levin against Samuel N. Berlin and another. From an order of reference, and from an order denying a motion to vacate the order, defendants appeal. Order of reference vacated, and order denying the motion to vacate affirmed.

Argued before WOODWARD, BURR, THOMAS, RICH, and CARR, JJ.

Charles S. Aronstam, for appellants.
James E. Smyth, for respondent.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

THOMAS, J. Defendants appeal from an order of reference, and also separately from an order denying a motion to vacate such order of reference. The action is to foreclose a mechanic's lien. The answer is that the contractor did not perform his contract. The bill of particulars states 37 different items of departure from the contract, and failure to secure the certificate of due performance by the architect. By consent the issues were referred; but, the time of the referee to file his report having expired, pursuant to section 1019 of the Code of Civil Procedure, the defendants terminated the reference. On March 5, 1910, Mr. Justice Garretson denied a motion to refer again the issues to the same person as referee. The case was restored to the calendar for trial, and on June 21, 1910, upon call of the case, Mr. Justice Marean referred the issues to the same referee, and the order therefor, entered June 22d, recites that:

"Counsel for the defendants having answered that he was not ready for the trial, and having stated to the court that this action involved various items in dispute, and that on a previous trial more than 500 pages of testimony were taken, and that the trial occupied a period of six days of four hours each, and the court, after hearing such statement, ordered that all the issues in the above entitled action be referred."

On July 22, 1910, the court, Mr. Justice Kapper presiding, denied a motion to vacate the order of reference made by Mr. Justice Marean.

Without considering the question whether compulsory reference of the issues could be ordered, it appears that the order of Mr. Justice Garretson was an adjudication of the question, and it was not within the power of the trial judge to order the reference while the earlier order denying it was in force.

For this reason, the order of reference should be vacated, with $10 costs and disbursements. The order made by Mr. Justice Kapper should be affirmed, without costs, as the defendants' relief was by an appeal from the order of reference, and not by motion to vacate it. All concur.