HARRY WEIL, Plaintiff in Error, *vs.* E. C. MULVANEY, Defendant in Error.

*Opinion filed February 21, 1914.*

1. PRACTICE—*rule where record is prepared under præcipe calling for portions of record.* Where the record on writ of error is prepared on a *præcipe* by plaintiff in error calling for the portions of the record he desires to bring up, it is the duty of the defendant in error, if he desires to have any other portions of the record brought up, to make a request to that effect, and if he does not do so the cause will be heard on the portions of the record brought up.

2. SAME—*when freehold is involved though land lies in another State.* If the court has jurisdiction of the parties to a suit to enjoin the defendant from disposing of land and seeking to set aside complainant's deed to the defendant as having been obtained by fraud and to compel the defendant to re-convey the land to complainant, a freehold is involved though the land is in another State.

3. SAME—*all previous orders are before the court on final hearing in chancery case.* On the final hearing in a chancery case all previously rendered decretal orders are before the court and may be altered or vacated as justice may require.

4. SAME—*when order dismissing a suit pending on reference to master is erroneous.* An order dismissing a chancery suit for want of prosecution is erroneous but not void, where the cause at that time was pending before the master in chancery under an order of reference and where the order of dismissal was entered without notice to either party and was inadvertently entered by the court because no notation had been made on the trial calendar that the cause had been referred to a master in chancery.

5. SAME—*when an erroneous order can only be set aside on a writ of error or appeal.* An erroneous order, entered through inadvertence, dismissing for want of prosecution a chancery suit then

pending before a master in chancery under an order of reference, may be set aside by the court if a motion for that purpose is made at the term at which the order is entered, but after the term has passed without motion being made it can be set aside only on writ of error or appeal.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding.

DAVID R. LEVY, (DOUGLAS C. GREGG, of counsel,) for plaintiff in error.

WILLIAM A. CUNNEA, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a bill in chancery filed in the circuit court of Cook county by plaintiff in error against defendant in error, alleging that October 2, 1909, he was the owner in fee of certain lots in Gary, Indiana, worth $3000; that defendant in error conceived and carried out a plan to defraud him of the said real estate by plying him with intoxicating liquors, and after he became intoxicated persuading him that he (plaintiff in error) was indebted to defendant in error in the sum of $150, and caused him to execute a deed transferring to said defendant in error said lots at the agreed price of $750; that while he was still intoxicated Mulvaney persuaded him to take part in games of chance, and later on informed the plaintiff in error that there was nothing due him under said deed as he had lost the value of the whole property to the defendant in error. The bill prayed an injunction to restrain defendant in error from disposing of the lots, and that the deed be set aside as a fraud and defendant in error be compelled to transfer said title back to plaintiff in error. On April 8, 1911, the following order was entered in said cause in the circuit court: "On motion of the solicitors for complainant the above entitled cause is referred to master in chancery Granville W. Browning for the hearing of testimony and report." On

May 1, 1912, the following order was entered in that court in said cause: "This cause coming on to be heard, having been reached in its regular order upon the trial calendar and neither party appearing in court, either in person or by solicitor, it is ordered that the above entitled cause be and the same is hereby dismissed at the complainant's costs for want of prosecution." This writ of error was sued out to reverse the last order.

From the affidavit of one of the counsel in this cause and the certificate of master in chancery Browning, found in this record, it appears that in pursuance of said order of April 8, 1911, the cause was transferred to the master in chancery, where testimony was taken from time to time, to and including January 22, 1912; that defendant in error was represented before said master by his present counsel in this cause; that said cause was pending continuously before the master from the time it was referred to him until long after said order of May 1, 1912, was entered in said circuit court; that counsel for defendant in error argued the facts and the law before said master, who afterward prepared and submitted his report; that counsel for defendant in error appeared before said master with reference to his objections to said report in the months of May, September, October and November, 1912; that said counsel finally stated, November 28, 1912, that he would not argue his objections, and the master in chancery overruled the same.

A motion was made by counsel for defendant in error, which was taken with the case, to strike from the files of the court the record filed by plaintiff in error, for the reason that it was not prepared by setting out in chronological order the pleadings and orders and the certificate of evidence in the case. Suggestion was made in the motion that if it be not sustained this court should not consider the matter contained in said affidavit of counsel for plaintiff in error and the certificate of the master in chancery.

It appears from the notice found in this record, as well as from the certificate of the clerk, that the record was prepared under a *præcipe* filed by plaintiff in error specifying the parts of the record that he desired to have certified to this court under the provisions of section 81 of the Illinois Practice act of 1907. It is not urged or suggested in the motion to strike the record from the files that counsel for defendant in error did not have notice of the filing of this *præcipe* or that the record was not prepared in accordance therewith, under the provisions of said statute. If counsel for defendant in error desired to have any other parts of the record certified in order to present the errors assigned he should have so requested. In *People* v. *Union Gas and Electric Co.* 258 Ill. 193, in discussing a similar question this court said (p. 195) : "Where the appellant or plaintiff in error fails to give notice and files a *præcipe* for only certain parts of the record less than the whole, the statute should be complied with; but in such case appellee should show, by affidavit or otherwise, that the record as called for by appellant's *præcipe* is insufficient to properly present the errors assigned, or that some additional portion of the record is necessary to enable the appellee to assign cross-errors." Because appellee in that case had failed to make any such showing the court held that appellee had not been injured. Here, as there, it is not claimed that certain portions of the record not brought up were necessary to a disposition of the questions raised, nor is it shown that defendant in error desired any additional parts of the record in order to present such questions. The motion to strike must therefore be denied.

There is nothing in the record before us to show that the affidavit of counsel for plaintiff in error and the certificate of the master in chancery were not heard by the trial court. A motion that appears from certain suggestions in the brief, if not in the record, was made by plaintiff in error to set aside said order of May 1, 1912. The

suggestion that the affidavit and certificate were not even filed in the circuit court is not sustained by the record.

The question whether the affidavit of counsel for plaintiff in error and the certificate of the master in chancery as to what occurred before him were properly preserved in the record in the court below cannot be raised on this record. If they are not properly here, that could have been shown by having the complete record of the trial court certified to this court. There is also contained in this motion of defendant in error a suggestion that the abstract of plaintiff in error does not comply with the rules of this court, being a mere copy of the record. In view of the nature of the questions raised, we think the abstract should have set out practically in full the pleadings and orders questioned.

The question as to whether this cause should have been brought directly to this court on the ground that a freehold was involved has been suggested in the briefs. Under the holdings of this court in *Sanford* v. *Kane,* 127 Ill. 591, *Ryan* v. *Sanford,* 133 id. 291, and *Smith* v. *Jackson,* 153 id. 399, if the real estate in question had been located in Illinois a freehold would have been involved. The court below in this proceeding had jurisdiction of the parties, and under the reasoning of this court in *Nowak* v. *National Car Coupler Co.* 260 Ill. 260, a freehold was involved even though the real estate was located in Indiana.

The question was asked during the oral argument in this court as to whether, under said order of April 8, 1911, referring the cause to the master, he was required to report his conclusions of law and fact. The better practice in such orders would be to state specifically, if it was so intended, that the master should hear testimony and report his conclusions as to the law and the facts. We think, however, that under a fair construction of the order that was what was intended by the court. From the record before us it is apparent that the master and the counsel in the case understood this to be the effect of the order.

The principal question discussed in the briefs is whether the order of May 1, 1912, dismissing the cause for want of prosecution, in the absence of counsel for both parties, on the general call of the trial calendar, while the order of reference to the master was still in force, was merely erroneous or was it void. By settled practice in this jurisdiction, on the final hearing of a suit in chancery all previously rendered decretal orders are before the court and may be altered or vacated, as justice may require. (*Gibson* v. *Rees,* 50 Ill. 383; *Jeffery* v. *Robbins,* 167 id. 375.) We are not prepared to hold that the dismissal of a bill in chancery for want of prosecution while the cause is still pending on a reference to a master might not, under certain circumstances, be proper. The failure to prosecute might consist in a failure to proceed under the order of reference to the master or to take any steps in preparation for the final disposition of the cause. But such is not the situation presented on this record. Manifestly, neither counsel expected that the cause, after a reference to a master, was to be placed on the regular calendar or that it would be heard until the master had made his report to the court. Clearly, the cause was dismissed because neither the clerk nor the trial court had made any notation on the trial calendar that the case had been referred to a master in chancery. The provision of section 21 of the Practice act of 1907 that "all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct," does not affect the situation here. The court had practically otherwise directed by the order of reference, which, beyond question, was overlooked inadvertently by the trial judge in entering the order dismissing the case in the absence of both counsel. The order was erroneous and not void.

In *Starr* v. *Francis,* 22 Wend. 632, it was held that an order to stay proceedings granted to enable the defendant to move for a change of venue could not be disregarded by

the plaintiff; that the remedy of the plaintiff, in such case, was to obtain an order revoking the said order. The court there said (p. 634): "Such an order, though erroneous, must be respected until revoked, as it doubtless would have been by the commissioner on showing him the papers and calling his attention to the defect. Such should be the practice whenever an order is improvidently made—a common thing; for orders are generally obtained *ex parte* and often hastily, at the last moment. * * .* I am not prepared to say that even if obtained by the fraud of the party an order can be treated as a nullity; certainly it cannot on account of mere irregularity. It is a judicial act done in the course of the cause, open to a rehearing and an appeal to this court, and I am not aware of any case in which such an act has been holden void even for fraud."

The circuit court had the power to enter the order of May 1, 1912, dismissing the case, but being entered without notice to either party, with the clear understanding on the part of both that the matter was still pending before a master in chancery, it was plainly a misuse or abuse of the power of the court and therefore erroneous. If application had been made to the trial court to set it aside at the same term at which this order was entered such application should have been allowed, but after the term had passed it could only be set aside on writ of error or appeal. The following authorities tend to support the conclusions here reached: *Gould* v. *Root,* 4 Hill, 554; *Levin* v. *Berlin,* 125 N. Y. Supp. 761; *Dexter* v. *Young,* 40 N. H. 130; *Cooke* v. *Gwyn,* 3 Atk. 689; *Willey* v. *Durgin,* 118 Mass. 64; *Phillips* v. *Shipley,* 1 Bland's Ch. 516; *Tyson* v. *Robinson,* 25 N. C. 333; *Knapp* v. *Fisher,* 49 Vt. 94.

The decree of the circuit court will be reversed and the cause remanded to that court for such other and further proceedings as to right and justice may appertain.

*Reversed and remanded.*