## Thomas McClay, Plaintiff in Error, v. James R. Williamson and Mary B. Williamson, Defendants in Error.

### Gen. No. 7,760.

1. EQUITY—*when order of dismissal is not void.* An order dismissing a suit for want of prosecution on the general call of the docket through inadvertence in overlooking that the cause had been referred to a master is not void, the court having jurisdiction of the parties and the subject matter of the suit.

2. CALENDAR—*stage of cause as to trial docket.* A cause on the chancery docket which has been referred to a master cannot be said to be on the docket for trial until the master has made his report.

3. EQUITY—*when dismissal for want of prosecution is improper.* It is reversible error to order the dismissal, on the general call of the docket without notice to either party, for want of prosecution of a suit which is not set for trial as contemplated by the Practice Act, § 21, Cahill's St. ch. 110, ¶ 21, but which had been referred to a master to take evidence and report, although a rule of court limits the time in which to take the evidence, where the master, with the acquiescence of both parties, extended the time without fixing a definite time limit.

4. HARMLESS AND PREJUDICIAL ERROR—*when dismissal of meritorious bill for want of prosecution is error.* Error in dismissing a bill for want of presecution was prejudicial where a bill to foreclose a mechanic's lien set up a meritorious cause of action.

Error by plaintiff to the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1927. Reversed and remanded with directions. Opinion filed January 12, 1928.

SIDNEY H. BLOCK, for plaintiff in error.

E. V. ORVIS, for defendants in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

On February 25, 1921, plaintiff in error filed a bill in the circuit court of Lake county against defendants in error, to foreclose a mechanic's lien. Defendants in error answered said bill and subsequently filed a

cross-bill, to which plaintiff in error filed an answer. On October 11, 1921, said cause was referred to William A. Deane as special master to take and report the evidence with his conclusions.

On October 6, 1926, on the general call of the chancery docket, the court dismissed said cause for want of prosecution. Thereafter, at the December term, plaintiff in error entered a motion to vacate said order and to reinstate said cause. On the hearing the court denied said motion. Plaintiff in error prosecutes this writ of error to reverse said order denying his motion to reinstate, and to reverse said order of dismissal.

The circuit clerk testified on said hearing that on October 11, 1921, said cause had been referred to a special master; that he had given bond, which had been approved by the court; that on October 6, 1926, being the third day of the October term "there was a general call of the docket of all the cases pending and when this case was called by the Judge, neither party appeared in court, either in person or by solicitor, and it was dismissed by the Court at that time"; that according to the records on October 6, 1926, said cause was pending before said special master; that Mr. Orvis, during all of the time that the case was on reference to the special master, represented defendants in error; that at the December term, 1926, said special master presented his report, to the filing of which defendants in error objected on the ground that said cause had been dismissed; that prior to the dismissal of said cause, no notice was given to either of said parties so far as shown by the record.

Said special master testified that after said cause was referred to him, "There were at least five hearings had at my office and there were about the same number of continuances. Sidney H. Block appeared as solicitor for the complainant, and E. V. Orvis, present solicitor for defendants James R. Williamson and

Mary B. Williamson, appeared as solicitor for these defendants. At the last hearing there was a brief of the propositions of law involved, which had been previously submitted by counsel, argued, after the proofs in said cause were declared closed. * * * After this hearing I prepared my report on the proofs taken before me and my conclusions thereon, and submitted a report of the same to the Court on December 13, 1926, whereupon it was discovered that the case had been previously dismissed for want of prosecution."

In addition to the foregoing testimony, it was stipulated that "about the 15th day of October 1926, E. V. Orvis, solicitor for defendants, and William A. Deane, the Special Master in Chancery in this case in a conversation had between them in the circuit courtroom, while Mr. Block, solicitor for complainant, was in said courtroom * * * and during a recess * * *, the said William A. Deane stated, 'I want to get that McClay matter closed up.' Thereupon I, E. V. Orvis, stated, 'All right, draw up the report as suggested.' That subsequently, on November 23, 1926, the said Special Master in Chancery did prepare his report of proofs, findings and conclusions and presented it to the Court on December 13, 1926. That the parties were not present before the said Special Master in Chancery except as herein otherwise stated, after June 28, 1926. That on the date of the presentation of the report, that is, December 13, 1926, was the first information that either of the parties or their solicitors had that the court had dismissed the cause for want of prosecution on October 6, 1926."

In addition to the foregoing, defendants in error offered rules 1 and 11 of said circuit court, rule 1 being as follows:

"Rule 1. Whenever a reference shall be made to the master in chancery of this Court, to take testimony and report the same with his conclusions thereon to the court, the court may in such order of reference

direct the time within which such testimony must be taken, and in case no rule is made for the closing of proofs in said order of reference, then the complainant must complete the taking of his testimony within sixty days after such order of reference is made. Defendants shall then take and close their testimony within thirty days thereafter. Rebutting testimony shall be taken and closed within ten days thereafter and if the taking of further testimony shall by the master in chancery be deemed necessary and proper, the same shall be taken within such time as shall be fixed by the master.''

The court, in denying said motion stated among other things:

''In dismissing this case for want of prosecution I did not take into consideration the fact that it was pending before a master at the time, and  *  *  * inadvertently overlooked this fact, but under the authorities cited *(Weil v. Mulvaney,* 262 Ill. 195), it appears that this order can only be set aside on a writ of error or appeal, and the motion to vacate and set aside the order of October 6, 1926, and reinstate the cause, is therefore denied.''

The order dismissing said cause was not a void order, as the court, notwithstanding said reference, had jurisdiction of the parties to the suit and of the subject matter thereof. *Weil v. Mulvaney,* 262 Ill. 195–201; *Bill Board Pub. Co. v. McCarahan,* 180 Ill. App. 525–537.

While error was assigned on the order denying the motion to vacate said order of dismissal, counsel for plaintiff in error practically concedes in his brief and argument that this assignment is not well taken. In other words, this assignment of error has been abandoned.

The question for our determination therefore is as to whether the court committed reversible error in entering said order of dismissal.

Section 21 of the Practice Act, Cahill's St. ch. 110, ¶ 21, provides among other things that "no suit, action or proceeding, at law or in equity, shall be dismissed for want of prosecution at any time except when such cause shall be actually reached for trial in its order as set for trial, or upon the short cause or daily trial calendar of the court; but in any suit in equity the court may, on motion and notice to the complainant for the cause shown, make an order according to the state of the suit to speed the cause within a reasonable time to be fixed in such order, and on failure to comply therewith may dismiss the suit for want of prosecution."

Said cause was not set for trial, as contemplated by said statute, and no order was made or applied for to speed the hearing thereof.

A cause on the chancery docket which has been referred to a master cannot be said to be on the docket for trial until the master has made his report.

Counsel for defendants in error insist that, under rule 1 above set forth, there was a time fixed in which to take the evidence. However, that rule also provides that "if the taking of further testimony shall by the master in chancery be deemed necessary and proper, the same shall be taken within such time as shall be fixed by the master."

Evidently the master, with the acquiescence of both parties, extended the time for the taking of the evidence, without fixing a definite time in which the same should be closed.

In *Weil v. Mulvaney, supra*, the trial court had dismissed a bill for want of prosecution while it was pending before the master in chancery. The court in discussing a question of this character at page 201 says:

"The circuit court had the power to enter the order of May 1, 1912, dismissing the case, but being entered without notice to either party, with the clear under-

standing on the part of both that the matter was still pending before a master in chancery, it was plainly a misuse or abuse of the power of the court and therefore erroneous. If application had been made to the trial court to set it aside at the same term at which this order was entered such application should have been allowed, but after the term had passed it could only be set aside on writ of error or appeal." Citing *Gould v. Root,* 4 Hill (N. Y.) 554; *Levin v. Berlin,* 141 App. Div. 119, 125 N. Y. Supp. 761; *Dexter v. Young,* 40 N. H. 130; *Cooke v. Gwyn,* 3 Atk. 689; *Willey v. Durgin,* 118 Mass. 64; *Phillips v. Shipley,* 1 Bland's Ct. (Md.) 516; *Tyson v. Robinson,* 25 N. C. 333; *Knapp v. Fisher,* 49 Vt. 94.

In *Bill Board Pub. Co. v. McCarahan, supra,* the trial court had dismissed a cause while pending on reference to the master, and in discussing this action, the court after quoting from the Practice Act above set forth, at page 537 says that within provision of this act "can in reason be held to mean that a judge finding, on reaching a chancery case on the docket, that it has been referred to a Master, may not pass it without action and proceed to dispose of cases beyond it. * * *

"If this order was not entered by inadvertent mistake, then it was entered as an exercise of the discretion of the court, and, in our opinion, if this was the case, was an abuse of discretion. It is needless to discuss this point, as the facts speak plainly for themselves."

And in *Leonard v. Garland,* 252 Ill. 300, the court in discussing the matter of the dismissal of cases for want of prosecution, at page 303 says:

"While the power to dismiss a cause for want of prosecution, where there has been long and unexplained delay, is conceded, the power should be exercised reasonably and with due regard to the rights of litigants. Where a case is reached for trial regularly on the call and the plaintiff fails to appear and

the defendant is present insisting upon a disposition of the cause, the court may properly dismiss the case for want of prosecution. *(Delano v. Bennett,* 61 Ill. 83.) The court may also dismiss a cause for non-compliance with a rule entered against the plaintiff to file a pleading or take some other step in the cause, where no sufficient excuse is given. * * * No rule had been entered against plaintiffs in error requiring them to take any steps looking toward the final disposition of the case. The action of the court below cannot be sustained on the alleged ground of a failure to prosecute the suit with due diligence. The court erred in dismissing this bill."

It is also insisted by counsel for defendants in error that no sufficient showing is made that plaintiff in error had a meritorious cause of action. The bill of complaint set up a meritorious cause of action. That being true, it was error to dismiss said bill. *Leonard v. Garland, supra,* 303.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded, with directions to the trial court to set aside said order of dismissal, entered on October 6 ,1926, and to reinstate said cause.

*Reversed and remanded with directions.*