(No. 11696.—Reversed and remanded.)

EDWARD L. MADDEN, Admr., Defendant in Error, *vs.* THE CITY OF CHICAGO *et al.* Plaintiffs in Error.

*Opinion filed February 20, 1918—Rehearing denied April 12, 1918.*

1. PRACTICE—*when mistake in calling of docket is mistake of fact and not of law.* Under a circuit court rule requiring the calendar to be called to enable attorneys to appear and state whether the cases in which they are interested are to be set for trial, continued or stricken, if by error the clerk does not correctly note the request of an attorney the mistake is one of fact and not of law, although the court acts upon the error made by the clerk.

2. SAME—*when motion to re-instate cause may be entertained under section 89 of the Practice act.* If on the call of the calendar in the circuit court the clerk fails to correctly note the request of an attorney to have his case set for trial, and the court, following the minute of the clerk, orders the case stricken, it is proper, under section 89 of the Practice act, to entertain a motion to re-instate the case, although it has once been re-instated, with others, under a general order and dismissed the next day for want of prosecution.

3. JUDICIAL NOTICE—*Supreme Court will take judicial notice that certain person is judge of a city court.* The Supreme Court will take judicial notice of the fact that a certain person is judge of a particular city court, and that, under the statute, he may hold circuit court in any of the circuits of the State when properly requested to do so.

4. BILLS OF EXCEPTIONS—*stipulation that judge other than trial judge may sign bill of exceptions is binding.* A stipulation fairly entered into by counsel that a bill of exceptions may be signed by a judge other than the one who heard the case is binding, and a court of review will not strike the bill of exceptions from the files on motion of either party, and a statement by counsel, in open court, acknowledging the correctness of the bill and waiving objection to the signature of the judge amounts to such stipulation.

5. SAME—*when bill of exceptions may be filed nunc pro tunc as when presented.* A bill of exceptions purports to be signed at the time the exception is taken, and if it is presented within the time allowed for filing and that fact is shown on the face of the bill it is the duty of the judge to regard the day the bill is presented as the date upon which it should be signed, sealed and filed, and under such circumstances it is proper practice for the judge to enter an order directing the clerk to file the bill of exceptions *nunc pro tunc* as of the date it was presented to him.

6. SAME—*what does not show that a bill of exceptions, when signed, is not the same bill which was presented.* The mere fact that a bill of exceptions contains matter when it is finally signed that it did not contain when it was presented does not tend to show that it is a different bill from that presented, particularly where counsel, in open court, have acknowledged its correctness.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

SAMUEL A. ETTELSON, Corporation Counsel, CHARLES R. FRANCIS, City Attorney, and HENRY J. & CHARLES AARON, (ROBERT H. FARRELL, HENRY T. CHACE, JR., WILLIAM H. HOLLY, and DOUGLAS C. GREGG, of counsel,) for plaintiffs in error.

QUIN O'BRIEN, and WILLIAM B. O'BRIEN, for defendant in error.

Mr. JUSTICE COOKE delivered the opinion of the court:

The Appellate Court for the First District affirmed the judgment of the circuit court of Cook county against the city of Chicago and the Byrne Bros. Dredging and Engineering Company, plaintiffs in error, for $10,000 in favor of Edward L. Madden, administrator of the estate of Robert J. Madden, deceased, defendant in error, for wrongfully causing the death of defendant in error's intestate. The record has been brought here for review by *certiorari.*

Plaintiffs in error urge two grounds for reversal: First, that the circuit court erred in setting aside the judgment dismissing the case for want of prosecution; and second, the Appellate Court erred in refusing to consider the matters presented in the second bill of exceptions.

The record contains two bills of exception, the first of which is a transcript of the proceedings had on a motion to re-instate the cause after it had been dismissed for want of prosecution, and the second a transcript of the proceedings had at the trial.

The suit was brought in the circuit court in April, 1913, and plaintiffs in error filed pleas of the general issue in July, 1913. On July 18, 1914, an order was entered by Judge Gibbons, of the circuit court, striking the cause from the docket. On June 17, 1915, under a general order, the order of July 18, 1914, was vacated and the cause was reinstated, placed on the docket and on the next day dismissed for want of prosecution. On September 24, 1915, defendant in error filed a motion to set aside and vacate the orders of July 18, 1914, and June 17 and 18, 1915, and to set the cause for trial on the calendar of Judge Gibbons. The motion set forth that the cause was stricken from the docket by a mistake of fact and misprision of one of the clerks of the circuit court, and that on account of such mistake and misprision the cause was dismissed for want of prosecution. This motion was supported by affidavits, which state that during the year 1914 there was a rule of court in the circuit court which provided that on the first call of trial calendars for the purpose of ascertaining which causes were ready for trial the causes were marked for trial and continued or stricken from the docket, as the case might be; that it was the custom on such first call for each attorney employed in the cases on the calendar to attend court and when his case was called to answer whether he wished to have the case set for trial, continued or stricken from the docket; that if it was the desire of the attorney to have

the case set for trial he was required simply to answer "trial" when the case was called, and thereupon it was the duty of the clerk to mark such case for trial; that on July 18, 1914, which was a few days before the adjournment of court for the summer vacation, the first call of a calendar, including this case, was held before Judge Gibbons; that one of the attorneys for defendant in error attended the call and requested, when this case was called, that it be marked for trial; that the clerk responded to the request that the case would be marked for trial; that from its position on the trial calendar this case would not be reached for trial during that trial year or up to the time of the making of the motion to re-instate; that there was no general calendar of cases in the circuit court made up or published during the summer or fall of 1914 or at any time thereafter until the month of September, 1915; that neither defendant in error nor his attorneys had notice that this cause was not marked for trial by the minute clerk and was not on the trial calendar of Judge Gibbons until the month of September, 1915, when one of the attorneys for defendant in error found that the cause was not on the trial calendar; that the attorney, upon making inquiry of the clerk, was informed that the cause had been stricken from the docket on the first call, and thereafter, on June 17, 1915, re-instated under a general order of the chief justice of the circuit court, with other cases, and on the following day dismissed for want of prosecution. No counter affidavits were filed and the court entered an order in accordance with the motion. The case was re-instated and placed on the trial calendar of Judge Gibbons. Plaintiffs in error presented a bill of exceptions showing the proceedings on the motion, which was signed and filed.

Plaintiffs in error contend that the circuit court erred in re-instating the cause, first, because it had lost jurisdiction; second, the mistake sought to be corrected, if any, was one of law and not of fact; and third, the error, if

any, in striking the cause from the docket on July 18, 1914, was cured by the general order of June 17, 1915, by which the cause was re-instated on the trial calendar.

Section 89 of the Practice act abolishes the writ of error *coram nobis* and provides that all errors of fact committed in the proceedings of any court of record, and which by the common law could have been corrected by that writ, may be corrected by the court in which the error was committed upon motion in writing made at any time within five years after the rendition of final judgment. In support of their contention that the error, if any, committed in striking the cause from the docket was one of law and not of fact, plaintiffs in error cite and rely upon a line of cases which hold, in substance, that any error intervening where a court is called upon to make a judicial determination is an error of law and not of fact. As disclosed by the affidavit in support of the motion to re-instate, the court, upon the calling of the calendar on July 18, 1914, performed no judicial act based upon a consideration of facts presented. Under the rule of court the call of the calendar was had merely for the purpose of enabling the attorneys in the cases to express their wishes as to whether the cases in which they were respectively employed should be set for trial, continued or stricken from the docket. It was the duty of the minute clerk, under this rule of court, to indicate merely the desire of each attorney as expressed, and the court, in making the order, merely followed the minute made by the clerk. This was not a judicial determination, and if by error the clerk did not correctly note the request of an attorney the mistake was one of fact and not of law, even though the court acted upon the error made by the clerk. Defendant in error and his attorneys having responded on the call of the calendar that the case was for trial and having been assured by the clerk that the request was understood, were warranted in assuming that the cause would be placed on the trial calendar and tried in due

course. The mistake was clearly one of fact and not of law, and it was proper to entertain the motion made, under the provisions of section 89 of the Practice act. The fact that the cause was re-instated under a general order and thereafter dismissed for want of prosecution does not affect the situation. Defendant in error had no notice that the cause had been stricken. Had it been placed on the trial calendar, as requested, it would not have been affected by the general order re-instating all causes which had been stricken from the docket, and defendant in error was not bound to take notice of that order. The court did not err in re-instating the cause.

The cause was tried before Judge Gibbons. Upon the entry of judgment the plaintiffs in error prayed an appeal, which was allowed upon filing a bill of exceptions within ninety days and a bond within thirty days. The appeal was perfected by filing a bond within the time allowed, and on February 25, 1916, within the ninety days allowed for filing a bill of exceptions, plaintiffs in error presented a bill of exceptions to E. M. Mangan, judge of the city court of the city of Aurora, who indorsed thereon and signed the following memorandum: "The above and foregoing bill of exceptions, consisting of 358 typewritten pages, presented to me in open court by Douglas C. Gregg and J. R. Considine, attorneys for the defendants in the above entitled cause, this 25th day of February, 1916." On April 6, 1916, Judge Mangan signed the bill of exceptions and directed the same to be filed *nunc pro tunc* as of February 25, 1916. Counsel for defendant in error in open court assented to the correctness of the bill of exceptions, waived any objection to the signature of Judge Mangan instead of the trial judge, and excepted to the entry of the *nunc pro tunc* order. Defendant in error filed a motion in the Appellate Court to strike the second bill of exceptions from the record. The consideration of this motion was reserved until the final decision of the case, when the motion was allowed and the

second bill of exceptions stricken by that court. Defendant in error contends that the bill of exceptions was properly stricken, for the reason that it does not appear that E. M. Mangan was a judge of any court of record in the State; that the record is silent as to any reason why the bill of exceptions was not presented to, settled and signed by the trial judge; that counsel, by stipulation, could not authorize a judge other than the trial judge to sign the bill of exceptions, and that, in any event, Judge Mangan was without authority to enter the *nunc pro tunc* order.

We will take judicial notice of the fact that E. M. Mangan is a judge of the city court of the city of Aurora. Under the statutes he is empowered to hold circuit court in any of the circuits in the State when properly requested to do so. It must be presumed from the stipulation entered into by counsel that some statutory reason existed why the bill of exceptions could not be presented to Judge Gibbons. Defendant in error had the right to waive the showing and order to be made in such cases and consent that Judge Mangan should settle and sign the bill of exceptions. A stipulation fairly entered into by counsel that a bill of exceptions may be signed by a judge other than the one who heard the case is binding; and a court of review will not go behind the stipulation and strike the bill of exceptions from the files on motion of either party. (*Brethold* v. *Village of Wilmette,* 168 Ill. 162.) The statement made by counsel for defendant in error in open court, together with the fact that the bill of exceptions had been presented to and signed by Judge Mangan, amounted to such a stipulation. In addition to making this stipulation defendant in error also stipulated that the original bill of exceptions, instead of a transcript, should be incorporated in the record. After making this stipulation the defendant in error will not now be permitted to raise the question that the bill of exceptions was signed by another judge than the one who pre-

sided at the trial. *Northwest Park District* v. *Hedenberg,* 267 Ill. 588.

A bill of exceptions purports to be signed at the time the exception is taken in the course of the trial, whether it is presented then or afterwards, but if it is presented within the time allowed for filing the same and that fact is shown on the face of the bill, it is the duty of the judge to regard the day the bill is presented to him as the date upon which it should be signed, sealed and filed. It is the proper practice, under such circumstances, for the judge to enter an order directing the clerk to file the bill of exceptions *nunc pro tunc* as of the date it was presented to him, and if the judge should fail to enter such *nunc pro tunc* order it is the duty of the clerk to file it as of the date it was presented to the judge. *City of Lake Forest* v. *Buckley,* 276 Ill. 38.

Defendant in error suggests that it is apparent that the bill of exceptions signed by Judge Mangan is not the one presented to him on February 25, 1916, as the bill of exceptions on file contains ten more typewritten pages than the one presented to Judge Mangan. In settling a bill of exceptions it usually happens that additions are made to it or portions of it are stricken. The mere fact that a bill of exceptions contains matter when it is finally signed that it did not contain when it was presented does not tend to show that it is a different bill than that presented. Judge Mangan has attested that it was the same bill that was presented to him on February 25, 1916, and counsel for defendant in error in open court assented to its correctness.

The bill of exceptions having been properly filed as of the date it was presented to Judge Mangan, the Appellate Court erred in striking it from the record.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider the cause on its merits.

*Reversed and remanded, with directions.*