Harry Rosenthal and Samuel Becker Co., trading as Rosenthal & Becker, Appellees, v. Louis Wald, trading as Louis Wald & Company, Appellant.

Gen. No. 33,120.

Opinion filed April 17, 1929.

LAMBERT K. HAYES, for appellant.

No appearance for appellees.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action for rent which terminated in a judgment by default against defendant for the lack of an appearance on his part, rendered on the verdict of a jury in the sum of $375.65.

The cause was originally upon the short cause calendar and on March 4, 1927, owing to the plaintiff not being present in court in person or by counsel, when the cause was called for trial, it was ordered that the "cause be stricken from short cause calendar and placed on regular place on jury calendar." On May 29, 1928, there was a trial ex parte before the court and jury with a resulting verdict against defendant for $375.65, with a judgment thereon. On July 16, 1928, the defendants filed a motion to vacate the judgment

of May 29, 1928, and to set aside the verdict, and with such motion there was also filed a petition in which it is alleged that on the 18th day of June, 1926, defendant caused his appearance and a jury demand to be filed, and on the 2nd day of July, 1926, an order was entered placing the cause "on the next jury calendar"; that on October 11, 1926, an order was entered on motion of plaintiff, ordering the cause placed on the short cause calendar and setting the same for trial on November 22, 1926, at 9:30 a. m., and that said cause came on for trial on the last-mentioned date on the short cause calendar, and that the same was thereafter continued from time to time until the 4th day of March, 1927; that on said last-mentioned date defendant and his witnesses were present and answered "ready for trial"; that the plaintiff in said cause being absent, it was then ordered that the cause be stricken from the short cause calendar, and placed on the jury calendar, the half sheet showing the order as follows: "Cause stricken from short cause cal. and pl. on reg. pl. J. Cal." which being extended means that the cause was stricken from the short cause calendar and placed on regular place jury calendar; that between October 11, 1926, and March 4, 1927, the regular jury calendar of the municipal court was printed and distributed and the cause then being on the short cause calendar was not printed on the jury calendar or given a number or place thereon, as shown by the regular printed jury calendar of said court dated February 19, 1927; that said jury calendar, which provided no place for the above entitled cause, was called and extended from week to week, and that the call of the jury calendar was not completed and the end of such call not reached; that the cause was never on the jury calendar and never given a calendar number thereon, and therefore had no place thereon; that at the time of the order, the jury calendar then in circulation, being that of

February, 1927, was the guide of attorneys who had pending litigation thereon who were obliged to watch the same from day to day; that the cause having been on March 4, 1927, ordered stricken from the calendar, it was then ordered on the jury calendar, and that the attorney for defendant believing that the same would appear in its regular place on the next jury calendar thereafter to be published, with all other cases ordered placed thereon, so that in consequence thereof informed his client that the matter would appear on the next jury calendar and accordingly he was awaiting the completion of the call of the then jury calendar and the issue of the next jury calendar, which would show, as he believed, the calendar position and number of this cause; that on the 8th day of May, 1928, the cause was called before Judge Robert E. Gentzel, and was set for trial for May 29, 1928; that neither defendant nor his attorney received any notice from plaintiff or his attorney, or in any other manner, that the cause had been placed on Judge Gentzel's call on May 8, 1928, and that no notice was had by defendant or his attorney that the trial had been set for May 29, 1928, and that in the absence of defendant there was an ex parte trial before the court and jury, and the judgment aforesaid was rendered, and that defendant did not discover that said judgment had been entered until the 9th day of July, 1928, and the petitioner prayed that because of the error in the facts alleged in said petition, which do not appear on the face of the record, that the court enter an order vacating and setting aside the judgment last aforesaid, and setting the cause for trial on its merits at a short date. Plaintiffs did not answer the petition, neither were any of its averments of fact denied by plaintiff on the hearing.

On July 31, 1928, the motion to vacate the judgment was overruled and this appeal from such order prayed and perfected.

The abstract of the record shows that "the court holds on the face of this petition that there has been no showing made of any error of fact that would justify me as a matter of law in vacating the judgment entered May 29, 1928."

Plaintiff has not followed this appeal.

There is no evidence in this record as to how the cause was put upon any other calendar, if it was so put, after it was stricken from the short cause calendar. It is surmised without warrant, and is the only explanation afforded regarding the matter, that the clerk placed the cause on the February, 1927, civil jury trial calendar of the court. It is admitted that no notice of the calling of the case for trial or the placing of the same on any other calendar than that of the short cause calendar was given to plaintiff or its attorney, and if it was so placed without such notice by the clerk, then, there being no order of court authorizing him so to do, the so doing was a misprision of the clerk. The order of March 4, 1927, is "cause stricken from short cause calendar and placed on regular place on jury calendar." Since the entry of that order and up to the time of the ex parte trial and the resulting judgment, there had been no trial calendar of the municipal court made up subsequent to that of February, 1927. Certainly it cannot be said, with any reasonable construction of the order, that it directed that the cause should be placed upon the February jury calendar. If the order had read on the regular place on the present jury calendar, there might be some reason for the argument that it was properly placed upon the February jury calendar. In striking the case from the short cause calendar the court had power to make such direction as it might see fit. We find no rule of the municipal court regulating the disposition of short cause calendar cases when they are stricken from that calendar. In the light of these facts, we must con-

strue the order as a direction to the clerk to place the cause on the next jury calendar, succeeding the February, 1927, jury calendar. In ordinary procedure such would have been the course the cause would have taken.

By paragraph 407 of chapter 37, Cahill's St. 1927, it is provided: "That until otherwise determined in the manner hereinafter provided, and except as by this Act is otherwise prescribed, the practice in the municipal court shall be the same, as near as may be, as that which may from time to time be prescribed by law for similar suits or proceedings in circuit courts. . . ." And by the following paragraph 408, it is provided: "That the judges of said municipal court shall have power to adopt, in addition to or in lieu of the provisions herein contained prescribing the practice in said municipal court or of any portion or portions of said provisions, such rules regulating the practice. in said court as they may deem necessary or expedient for the proper administration of justice therein; *Provided, however,* that no such rule or rules so adopted shall be inconsistent with those expressly provided for by this Act. . . ."

Paragraph 29 of chapter 110, Cahill's St. provides: "If the trial of any suit which is upon the 'Short Cause Calendar' shall occupy more than one hour's time, then the court may in its discretion, stop the trial, take the case from the jury, and continue it, and the suit shall, unless otherwise ordered by the court, go to the foot of the docket and shall not again be placed upon the 'Short Cause Calendar.' . . ."

And Paragraph 31 provides that: "If a suit which is upon the regular calendar shall be placed upon the 'Short Cause Calendar,' it shall be stricken off the regular trial calendar and shall not again be placed thereon, except upon notice to all the other parties to the suit, his, or their agent or attorney."

It therefore follows that, by interpretation, in the orderly course of procedure, that the order was tantamount to a direction to the clerk to put the cause at the "foot of the docket." The record shows the cause on the short cause calendar, when the same was tried, resulting in the order appealed from. Such proceedings were not before the same judge, but two different judges of the same court. Plaintiff, having no notice that the cause would be called for trial, was not barred from making a motion to vacate the judgment under paragraph 89 of chapter 110, Cahill's St. The motion could have been made at any time within five years.

In *Loew v. Krauspe*, 320 Ill. 244, it was said:

"Error *coram nobis* was abolished by section 89 of the Practice Act, which provides that all errors of fact committed in the proceedings of courts of record which could have been corrected by error *coram nobis* may be corrected upon motion in writing within five years after rendition of the judgment, upon reasonable notice. The motion is not addressed to the equitable powers of the court, and it is not intended to relieve the party from the consequences of his own negligence. (*Consolidated Coal Co. v. Oeltjen,* 189 Ill. 85; *Cramer v. Commercial Men's Ass'n,* 260 id. 516.) The object and purpose of the motion under section 89 have been frequently discussed in decisions of this court, and it has always been held that errors of fact which could be made the basis of the motion are facts which, if known to the court, would have prevented the entry of the judgment, and not the lack of knowledge on the part of the court of facts constituting a cause of action or a defense to it. *Marabia v. Thompson Hospital,* 309 Ill. 147; *Village of Downers Grove v. Glos,* 316 id. 563."

The fact which was unknown to the trial judge was a misprision of the clerk in not, under the order, striking the cause from the short cause calendar, putting said cause at the foot of the docket.

In *Chapman v. North American Life Ins. Co.*, 292 Ill. 179, it was held *inter alia* that error in the process or through the default of the clerk, which is not sufficient to preclude the judgment, but which was unknown to the court at the time the judgment was rendered and does not appear on the face of the record is sufficient to reverse or recall the judgment under a writ of error *coram nobis*. The error of the clerk in not having placed the cause at the foot of the docket was an error of fact unknown to the trial judge at the time of the trial when the judgment was entered. *Cramer v. Illinois Commercial Men's Ass'n*, 260 Ill. 516.

In *Brady v. Washington Ins. Co.*, 82 Ill. App. 380, it was said:

"A default of the clerk is one of the recognized grounds for a writ of error *coram nobis*. *Pickett's Heirs v. Legerwood*, 7 Pet. 144; *Watson v. Chadsey*, Ill. App., Oct. T. 1898, Gen. No. 7,927, unreported.

"In Tidd's Practice, Section 1137, the author says: 'So, upon a judgment in the King's Bench, if there be error in the process or through the default of the clerk, it may be reversed in the same court by writ of error *coram nobis*.' "

In *Holbrook v. Lawton*, 207 Ill. App. 497, the court said:

"The tendency of the law in this State is to allow the motion under section 89 whenever it is obvious that the action of the court is based upon the fault (either of omission or of commission) of the clerk of the court."

For the foregoing reasons the order of the municipal court of July 31, 1928, denying defendant's motion to vacate and set aside the judgment of May 29, 1928, is reversed, and the cause is remanded with directions to grant defendant's motion of July 16, 1928, to vacate said judgment, and that defendant be permitted to defend on the merits of the action.

*Reversed and remanded with directions.*

WILSON and RYNER, JJ., concur.