McGrath & Swanson Construction Company, Appellant, v. Chicago Railways Company et al., trading as Chicago Surface Lines, Appellees.

Gen. No. 33,288.

Opinion filed April 22, 1929.

NELSON, WILSON & McFALL, for appellant.

George W. Miller, Arthur J. Donovan and W. I. Deffenbaugh, for appellees; Frank L. Kriete and Warner H. Robinson, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

This is a proceeding under section 89, chapter 110, Illinois Statutes, Cahill's St. ch. 110, ¶ 89, whereby plaintiff sought to have vacated an order dismissing his suit for want of prosecution.

September 20, 1928, this suit was dismissed. November 24, 1928, at a subsequent term, plaintiff's petition to vacate this order of dismissal was filed, to which defendants demurred. Plaintiff then filed a motion for change of venue from Judge Brothers, who was the judge who had ordered the suit dismissed. This motion was denied and subsequently upon hearing the court sustained the demurrer to plaintiff's petition, and it was ordered that the plaintiff take nothing. From this order it appeals.

Was the motion for change of venue properly denied? Plaintiff asserts the negative, predicating its argument upon cases holding that the motion under section 89, Cahill's St. ch. 110, ¶ 89, is in the nature of a writ of error *coram nobis* and is a new suit independent of and different from the original action. *Harris v. Chicago House Wrecking Co.*, 314 Ill. 500; *Reid v. Chicago Rys. Co.*, 231 Ill. App. 58. It is evident from an examination of the purposes and practice under the common-law writ of *coram nobis* that, while with respect to process, pleadings and judgment the writ may be considered as a new and independent action, yet it is not wholly so but is supplementary in its nature for the purpose of correcting errors committed in a preceding cause. It is impossible entirely to separate the writ of error *coram nobis* from an original proceeding, for its very nature and purpose relate to and affect

such proceeding. The writ is to vacate a judgment in the court where it was rendered by bringing some fact to the knowledge of that court which was not previously known and which, if known, would have prevented the rendition of the judgment. *Coram nobis* means "before us" or *quae coram nobis residant,* which roughly translated is "which before us remain," so called "from its being founded on the record and process, which are stated in the writ to remain in the court of the king before the king himself." Bouvier's Law Dictionary, vol. 1, p. 681. And the writ was directed to the same court which entered the judgment. Vol. 4, Words and Phrases, 2nd series, p. 1350, and cases there cited. In Holdworth's History of English Law, vol. 1, p. 224, we find that:

"Certain errors in the process of the court, committed by the defaults of the clerks, or as to matters of fact, could be remedied by the court itself. The writ issued for this purpose was called a writ of error '*coram vobis*' if the error was in the Common Pleas; '*coram nobis*' if it was in the King's Bench."

And in a footnote the author says that:

"The difference in form results from the theory of the actual presence of the king in the King's Bench."

In Black on Judgments, vol. 1, p. 377, referring to the writ of error *coram nobis,* the author says:

"This writ was so called from the technical words, which recited that error was alleged to exist in a certain record remaining 'before us,' that is, before the court which had pronounced the judgment."

And in 34 C. J., p. 398, the rule is stated:

"The court which rendered the judgment and in which the record is has exclusive jurisdiction of a writ of error *coram nobis* to vacate it."

To the same effect is *Chapman v. North American Life Ins. Co.* 292 Ill. 179, where the court said:

"At common law the writ of error *coram nobis* could be sued out of the same court when a judgment at law

was rendered to reverse the judgment, and before the same judge who rendered the judgment, for an error of fact that. might be brought to the knowledge of the court that would be sufficient, of itself, to defeat the judgment.''

That the errors to be corrected under the writ were errors of fact would seem to require that the writ should be brought before the same judge who rendered the original judgment, for he only would know whether or not he was ignorant of the fact which if known would have prevented the judgment.

Section 89, chapter 110, Illinois Statutes, Cahill's St. ch. 110, ¶ 89, does not change this rule. This provides in part that:

''The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed.''

The same reasons which required the old writ to be presented to the same judge who rendered the original judgment also obtain under section 89 of the statute quoted, so that the provision of the statute that such errors of fact ''may be corrected by the court in which the error was committed'' is consonant with and follows the practice at common law.

It follows, therefore, that the statutory provision for a change of venue is not applicable to the instant proceedings and was properly denied. A similar question was involved in *Gilman v. Donovan,* 59 Iowa 76, where it was held, for reasons like those above expressed, that the statute authorizing a change of venue is not applicable. To the same effect was the conclusion in *Christ v. Jovanoff,* 84 Ind. App. 676.

The petition alleges that the case was number 64 on the calendar of Judge Brothers, and was on September 17, 1928, called with other cases on what is called the ''first call'' of cases, being the first one hundred

cases on the calendar; that a representative of plaintiff's attorneys had two or more other calls to attend to on that date, and before the instant case was called, upon the convening of court, asked Judge Brothers' clerk to set said cause for trial on November 12, 1928, and the clerk stated he would have the case set for that time, and it was so reported to one of the attorneys for the plaintiff; that instead of setting the cause for trial November 12, 1928, Judge Brothers' clerk, either through oversight or forgetfulness, made the ministerial error of marking the figures "20" on his calendar after said case; that thereafter said cause came on for trial on September 20, 1928, before Judge Brothers without notice to or knowledge of plaintiff or its attorneys, and that thereupon, when called for trial it was dismissed for want of prosecution; that on or about November 7th or 8th plaintiff's attorneys called upon defendants' attorneys and requested that the case be continued thirty days from November 12, 1928, to which the latter consented; that November 12, 1928, was a holiday, being the Monday after Armistice Day, and there was no call of cases on the morning of November 12th, and that the case did not appear on the call of Judge Brothers for November 13th, the following day, whereupon plaintiff through its attorneys made an investigation as to why the case was not on the call for November 12th and then learned for the first time that the cause had been dismissed for want of prosecution on September 20th.

There is also in the record a rule of the circuit court providing that "first calls" will not exceed 200 cases and are "for the purpose of ascertaining what causes will be marked for trial, passed or continued." It also appears from the record that September 17th, the day on which the cause appeared on Judge Brothers' first call, was the opening day of court after the vacation period, and that there were several other branches of

this court which had announced first calls for the same hour and the same day as the first call of Judge Brothers' court. Defendants' demurrer in effect admitted that the mistake of the clerk in placing the cause for trial on September 20th instead of November 12th, as requested, caused the entry of the order of dismissal.

*Madden v. City of Chicago,* 283 Ill. 165, is precisely in point. There it was said of a similar mistake:

"As disclosed by the affidavit in support of the motion to reinstate, the court, upon the calling of the calendar on July 18, 1914, performed no judicial act based upon a consideration of facts presented. Under the rule of court the call of the calendar was had merely for the purpose of enabling the attorneys in the cases to express their wishes as to whether the cases in which they were respectively employed should be set for trial, continued or stricken from the docket. It was the duty of the minute clerk, under this rule of court, to indicate merely the desire of each attorney as expressed, and the court, in making the order, merely followed the minute made by the clerk. This was not a judicial determination, and if by error the clerk did not correctly note the request of an attorney the mistake was one of fact and not of law, even though the court acted upon the error made by the clerk."

Helpful also is the recent decision of *Toth v. Samuel Phillipson & Co.* 250 Ill. App. 247, where it was held that a similar mistake of the minute clerk was an error of fact which could be corrected under section 89 of the Practice Act, Cahill's St. ch. 110, ¶ 89. The opinion comments upon the well known conditions in the numerous trial courts of this county and the impossibility of attorneys to appear in person in response to all of the court calls. It is necessary to rely upon the instructions given to and the statements made by the clerks of the court with reference to setting cases for trial; especially is this true in the instant case,

where all of the courts of Cook county opened on September 17th with many "first calls" in the various courts. In the instant case the mistake of the clerk of the court in noting the case for trial upon the wrong date was a mistake of fact which misled both the parties to the suit and the court.

Defendants' demurrer should have been overruled. The order appealed from is reversed with directions to overrule defendants' demurrer and to allow the prayer of plaintiff's petition to vacate the order of dismissal of September 20, 1928.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and MATCHETT, J., concur.