George J. Maniatis, Appellant, v. Frank A. Carelin et al., Appellees.

Gen. No. 38,568.

Opinion filed November 4, 1936.

GEORGE L. QUILICI, of Chicago, for appellant; WALTER CLIFFORD BOWMAN, of Chicago, of counsel.

JACOB G. GROSSBERG, of Chicago, for certain appellee.

MR. JUSTICE HALL delivered the opinion of the court.
On June 26, 1929, complainant filed a bill of complaint in the circuit court of Cook county against the

defendants, seeking the cancellation of certain contracts. On September 25, 1931, after issues were joined on the bill and answers filed, it was ordered that the cause be referred to Roswell B. Mason, master in chancery, to take proofs, and that the master file his report covering the testimony, together with his conclusions of fact and law, within 40 days from the date of the entry of the order. On December 19, 1932, a further order was entered in said cause, which recites that on motion of the solicitor for George Checoras, defendant and cross complainant, the cause was re-referred to the same master in chancery of said court, to take proofs upon the cross-bill and complaint filed in said cause by George Checoras, and the separate answers of the cross defendants, George J. Maniatis, Northern Trust Company, Frank A. Carelin, Lillian Carelin and James Nickoloau, and the replications to the answers, and to report his conclusions of fact and law with convenient speed. It was further recited that said order of reference was entered without prejudice to the order of reference theretofore entered, and without prejudice to any proceedings had or taken before the master, and pursuant to the previous order, and that all proceedings had or taken before the master stand and remain as before the entering of the last order referred to.

On October 2, 1934, an order was entered in the circuit court dismissing the cause for want of prosecution.

On July 2, 1935, George J. Maniatis, complainant in the bill of complaint, filed a petition in the circuit court to vacate the order dismissing the cause for want of prosecution. In this petition it is alleged *inter alia* that on June 26, 1929, complainant filed a bill for an accounting and other relief; that issue was joined upon the bill and answers thereto, and that on September 25, 1931, the cause was referred to a master to

take proofs; that on December 22, 1931, George Checoras, one of the defendants, filed his answer and cross-bill; that on December 19, 1932, an order was entered re-referring the cause to Roswell B. Mason, master in chancery, to take proofs. It is further alleged in this petition that prior to the filing of the cross-bill and to the reference thereon to the master, complainant had attended before the master and had introduced testimony in support of his bill, and that upon the order referring the cause to the master on said cross-bill, a stipulation had been entered into by the parties that all testimony offered in support of complainant's bill should be considered as testimony offered in support of the cross-bill; that thereafter for a considerable period ending about June, 1934, hearings were had before the master, evidence was introduced on behalf of complainant and on behalf of cross complainant, and on behalf of Frank A. Carelin; that the proofs were closed about the first part of the month of June, 1934, when the cause was argued and submitted to the master for a decision; that the master had taken the cause under advisement preparatory to making his report; that the testimony taken before the master consisted of approximately 1,500 typewritten pages, together with 100 exhibits of documentary evidence submitted to the master. It is further alleged that the cause was inadvertently placed on the trial call of Judge William V. Brothers, and that on June 13, 1934, an order was entered ruling defendants to close their proofs within 60 days, and further ordering that the cause be placed upon the September, 1934, trial calendar, which last mentioned order was also entered by inadvertence, inasmuch as all proofs had been closed, and that at the time said order was entered, the cause was then pending before said master, awaiting his report; that while the said cause was so pending before the master, and on or about July 26, 1934, said Roswell B. Mason, master in chancery, died

without having made a report. It is further alleged that on September 18, 1934, by reason of the order to place the cause on the trial call, which had been inadvertently entered, the cause appeared upon the trial call of another judge of the circuit court of Cook county, and that upon the call of said calendar, said cause was ordered continued until October 2, 1934; that on October 2, 1934, the cause again appeared on the trial call of the last mentioned judge, that counsel for complainant appeared and informed the court that the cause had been referred to the master, and that the master had died, and the court, therefore, suggested that the parties have the cause re-referred. It is further alleged in this petition that no order was entered at this time, no further proceedings were had, and that no one appeared in court at the last mentioned time, except the solicitor for complainant; that counsel for complainant at the last mentioned time stated that he would confer with the other solicitors in the case and arrange to have the cause re-referred; that thereafter the solicitor for complainant entered into negotiations with the solicitor for the defendant, Frank A. Carelin, in an effort to obtain a stipulation or agreement whereby the testimony taken and documentary evidence introduced before the master might be used as testimony taken before the court or before a master to whom the cause might be re-referred in order to obviate the necessity and the great expense of re-taking the enormous amount of testimony already taken, and that if such stipulation be entered into, that it provide that the evidence already introduced might be used upon the resumption of the cause upon the new reference. It is further alleged that thereafter on October 2, 1934, the case was called for trial and the clerk inadvertently entered the order dismissing the cause for want of prosecution, which order was not directed to be entered by the court. It is alleged that the entry of said order dismissing the cause for

want of prosecution was done without notice to the complainant, or notice to his solicitor, that neither the complainant nor the solicitor were informed of the fact that said order had been entered until after they had negotiated for some months with Jacob A. Grossberg, and that they were in the midst of such negotiations at the time the cause was dismissed, and that he was informed of such dismissal by Jacob A. Grossberg, solicitor for defendant, after the term at which such order of dismissal was entered and after the next succeeding term had past, and that more than 90 days had past since the entry of such order.

In this petition seeking that the order of dismissal be set aside, complainant urges that he has a just and meritorious cause of action as set forth in his bill of complaint, which would be disclosed by an examination of all the testimony and documentary evidence introduced on the hearings, and that unless the order be set aside, the complainant will suffer irreparable injury and loss. This petition was sworn to.

In further support of the petition seeking to have the order of dismissal set aside, petitioner offered proof to the effect that on October 2, 1934, when the cause was called before a judge of the circuit court, that the said judge's attention was directed to the facts concerning the status of the case before the master in chancery. It is shown by the record that there had been no judicial determination of any of the issues involved in the cause. The court denied this petition because of lack of jurisdiction to entertain it. This is an appeal from that order. A motion to dismiss the appeal for various reasons has been reserved to the hearing.

In our opinion, only two questions are involved here. These questions are whether or not the court was in error in refusing to set aside the order of dismissal,

which was inadvertently entered and whether or not this order can be reviewed under the petition filed.

In *Weil v. Mulvaney,* 262 Ill. 195, a similar question arose, and the Supreme Court said:

"The principal question discussed in the briefs is whether the order of May 1, 1912, dismissing the cause for want of prosecution, in the absence of counsel for both parties, on the general call of the trial calendar, while the order of reference to the master was still in force, was merely erroneous or was it void. . . . We are not prepared to hold that the dismissal of a bill in chancery for want of prosecution while the cause is still pending on a reference to a master might not, under certain circumstances, be proper. The failure to prosecute might consist in a failure to proceed under the order of reference to the master or to take any steps in preparation for the final disposition of the cause. But such is not the situation presented on this record. Manifestly, neither counsel expected that the cause, after a reference to a master, was to be placed on the regular calendar or that it would be heard until the master had made his report to the court. Clearly, the cause was dismissed because neither the clerk nor the trial court had made any notation on the trial calendar that the case had been referred to a master in chancery. The provision of section 21 of the Practice Act of 1907 that 'all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall otherwise direct,' does not affect the situation here. The court had practically otherwise directed by the order of reference, which beyond question, was overlooked inadvertently by the trial judge in entering the order dismissing the case in the absence of both counsel. The order was erroneous and not void."

In *McClay v. Williamson,* 247 Ill. App. 141, under a similar state of facts, the court, upon the authority of

*Weil v. Mulvaney, supra,* reversed the order of dismissal, and said:

"The Circuit Court had the power to enter the order of May 1, 1912, dismissing the case, but being entered without notice to either party, with the clear understanding on the part of both that the matter was still pending before a master in chancery, it was plainly a misuse or abuse of the power of the court and therefore erroneous. If application had been made to the trial court to set it aside at the same term at which this order was entered such application should have been allowed, but after the term had passed it could only be set aside on writ of error or appeal."

The petition here is filed under the provision of section 72 of the Practice Act (Ill. State Bar Stats. 1935, ch. 110, ¶ 200), which provides as follows:

"The writ of error *coram nobis* is hereby abolished, and all errors in fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice. When the person entitled to make such motion shall be an infant, *non compos mentis* or under duress, at the time of passing judgment, the time of such disability shall be excluded from the computation of said five years."

In *Madden v. City of Chicago,* 283 Ill. 165, where a motion was made to vacate the entry of an order for dismissal, and where the facts were similar to the facts in the case at bar, the Supreme Court said:

"Plaintiffs in error contend that the circuit court erred in re-instating the cause, first, because it had lost jurisdiction; second, the mistake sought to be corrected, if any, was one of law and not of fact; and third, the error, if any, in striking the cause from the

docket of July 18, 1914, was cured by the general order of June 17, 1915, by which the cause was re-instated on the trial calendar.

"Section 89 of the Practice Act abolishes the writ of error *coram nobis* and provides that all errors of fact committed in the proceedings of any court of record, and which by the common law could have been corrected by that writ, may be corrected by the court in which the error was committed upon motion in writing made at any time within five years after the rendition of final judgment. In support of their contention that the error, if any, committed in striking the cause from the docket was one of law and not of fact, plaintiffs in error cite and rely upon a line of cases which hold, in substance, that any error intervening where a court is called upon to make a judicial determination is an error of law and not of fact. As disclosed by the affidavit in support of the motion to reinstate, the court, upon the calling of the calendar on July 18, 1914, performed no judicial act based upon a consideration of facts presented. Under the rule of court the call of the calendar was had merely for the purpose of enabling the attorneys in the cases to express their wishes as to whether the cases in which they were respectively employed should be set for trial, continued or stricken from the docket. It was the duty of the minute clerk, under this rule of court, to indicate merely the desire of each attorney as expressed, and the court, in making the order, merely followed the minute made by the clerk. This was not a judicial determination, and if by error the clerk did not correctly note the request of an attorney the mistake was one of fact and not of law, even though the court acted upon the error made by the clerk. Defendant in error and his attorneys having responded on the call of the calendar that the case was for trial and having been assured by the clerk that the request was understood, were warranted in

assuming that the cause would be placed on the trial calendar and tried in due course. The mistake was clearly one of fact and not of law, and it was proper to entertain the motion made, under the provisions of section 89 of the Practice Act. The fact that the cause was re-instated under a general order and thereafter dismissed for want of prosecution does not effect the situation. Defendant in error had no notice that the cause had been stricken. Had it been placed on the trial calendar, as requested, it would not have been affected by the general order re-instating all causes which had been stricken from the docket, and defendant in error was not bound to take notice of that order. The court did not err in re-instating the cause.''

We are of the opinion that the court has jurisdiction, that the prayer of the petition should have been granted, and that the court should have vacated the order dismissing the cause for want of prosecution. The motion to dismiss the appeal is denied. The judgment is reversed and the cause is remanded for a hearing.

*Reversed and remanded.*

DENIS E. SULLIVAN, P. J., and HEBEL, J., concur.