Verne L. Carstedt, Appellee, v. Mills Novelty Company, Appellant.

Gen. No. 40,190.

 Opinion filed January 11, 1939. Rehearing denied February 6, 1939.

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, of Chicago, for appellant; CARL S. LLOYD, JOSEPH H. PLECK and JOHN M. O'CONNOR, JR., of Chicago, of counsel.

BERNARD W. VINISSKY, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This cause comes before us on appeal because of the reinstatement of plaintiff's bill in the above entitled cause after an order of dismissal had been previously entered therein.

On May 6, 1932, the plaintiff filed a bill in equity against the defendant, and on November 29, 1932, defendant filed its answer. On December 2, 1932, plaintiff filed a replication and on motion of plaintiff the cause was referred to a master in chancery on February 1, 1933. On February 25, 1936, an order was entered by the executive committee of the superior court directing the clerk of the court to prepare a calendar of all chancery cases in which no order had. been entered subsequent to December 31, 1933 and this calendar, under the terms of the order was to be known as a "Special Chancery Calendar" and was to be called for trial commencing March 2, 1936, before Judge Walter P. Steffen. The order provided that unless good cause was shown, the cases in which no order had been entered after December 31, 1933, were to be dismissed for want of prosecution. It was also ordered that the causes appearing on this "Special Chancery Calendar" should be published in the Chicago Law Bulletin for 3 consecutive days before being called for trial. The instant case was one of the cases which appeared upon said "Special Chancery Calendar," notice thereof having been published in the Chicago Daily Law Bulletin. On the call of the "Special Chancery Calendar" the case at bar was called and on March 30, 1936, neither party appearing, the court dismissed the cause for want of prosecution.

On February 4, 1938, almost 2 years later Judge James F. Fardy, revoked the order of dismissal and

reinstated the cause. From the order of reinstatement this appeal is taken.

The petition for reinstatement filed by plaintiff on June 4, 1937, about 14 months after the order of dismissal, the answer and supplemental answer of defendant, upon which the matter was heard by Judge Fardy, disclose the following:

In his petition to vacate the order of dismissal the plaintiff alleges that the cause was pending before a master in chancery upon objections to the master's report; that the case was inadvertently placed upon the "Special Chancery Calendar" by misprision or mistake of the clerk of the court, inasmuch as the cause was then pending before a master; that had the clerk advised the court that the case was pending before a master, the court would not have entered the order dismissing the cause; that no order was entered vacating the order of reference to the master; that plaintiff was not advised of this dismissal until approximately a week before filing his petition for reinstatement; that he had a just and meritorious cause of action, and that he would suffer irreparable injury and loss and be without remedy, unless the order dismissing the cause be set aside.

Defendant filed an answer and supplemental answer to the petition, in which it sets up that the master had filed a tentative report on February 1, 1935, to which defendant filed objections; that on June 17, 1935, oral argument was had before the master on the objections, and at the conclusion of the argument the master directed the parties to file briefs concurrently at an early date; that the defendant prepared a brief and held it, awaiting the preparation of plaintiff's brief. On October 12, 1935, the plaintiff having failed to file a brief, the defendant filed its brief with the master and served notice of such filing upon plaintiff's counsel; that defendant has never been advised of the filing of any brief on behalf of plaintiff.

Plaintiff contends that the master in chancery to whom the cause was referred found the equities in favor of plaintiff and recommended that defendant be ordered and directed to state an account; that although the master had rendered his report on February 25, 1935, the defendant obtained extensions of time from March 1, 1935, to April 6, 1935, to file objections to his report; that it was not until June 17, 1935, that hearings were had upon the objections to the master's report; that defendant's counsel did not file their brief on their objections to the master's report until October 12, 1935; that the answer and supplemental answer of the defendant to plaintiff's petition were unverified, while plaintiff's petition was verified.

Plaintiff's theory of the case is as follows:

1. That plaintiff's petition was properly filed under section 72 of the Civil Practice Act.

2. That the error of fact which plaintiff attempted to have corrected by the court was the error of the clerk of the court in placing upon the Special Chancery Calendar for trial a cause which was pending on objections before the master.

3. That section 72 of the Civil Practice Act is applicable to such errors of fact.

4. That the Civil Practice Act has abolished the distinction between the law and chancery—and that section 72 is therefore applicable to cases in law and in chancery.

5. That defendant's answer to plaintiff's petition was not verified, admitted the facts alleged in plaintiff's petition, and that there was therefore no necessity for proving said facts.

6. That by its failure to move to strike the petition to vacate the order dismissing the cause, the defendant admitted the sufficiency of said petition.

Defendant's theory of the case is as follows:

(1) The court was without jurisdiction to reinstate the case on the facts alleged in the petition after 30

days from the order of dismissal. After the expiration of 30 days, the plaintiff's only remedy was to appeal from the order of dismissal or to file a bill of review, unless section 72 of the Practice Act permitted a reinstatement of the case.

(2) Section 72 of the Practice Act cannot be invoked because

(a) There was no error of fact to be corrected.

(b) Even if plaintiff had proved the facts alleged in the petition, or if the facts alleged in the petition are assumed to be true, the alleged error was not one to which section 72 of the Practice Act is applicable.

(c) Section 72 does not apply to cases in chancery.

(3) The plaintiff did not prove the facts alleged in the petition, the petition itself not being evidence.

It is quite obvious what occurred in this case. The executive committee of the superior court in all probability desiring to learn the status of the various cases pending on the court's calendar, that is whether said cases were "alive" or "dead," made up a special chancery calendar for call and such cases as were found to be "dead," that is no one being any longer interested in them, would be dismissed for want of prosecution. The instant case, however, was pending before a master in chancery, evidence had been taken, the master's report made in favor of plaintiff and objections had been filed thereto and the case was still pending before the master on objections filed and the filing of briefs.

It is equally obvious that if the court had known this case was on hearing before a master, it would not have dismissed it. The order which the court had entered directed the clerk to prepare a calendar of all chancery cases in which no order had been entered subsequent to December 31, 1933. It is also quite obvious that if this case was pending before the master, no order would have been entered until after the conclusion of the hearing there. When the case was

reached on the trial calendar it was dismissed without counsel for either side being present, so that the question as to the negligence or diligence of plaintiff or defendant is not involved.

The case of *Weil v. Mulvaney*, 262 Ill. 195, is very similar to the instant case and the Supreme Court in that case, said:

"The principal question discussed in the briefs is whether the order of May 1, 1912, dismissing the cause for want of prosecution, in the absence of counsel for both parties, on the general call of the trial calendar, while the order of reference to the master was still in force, was merely erroneous or was it void. By settled practice in this jurisdiction, on the final hearing of a suit in chancery all previously rendered decretal orders are before the court and may be altered or vacated, as justice may require. (*Gibson v. Rees*, 50 Ill. 383; *Jeffery v. Robbins*, 167 id. 375.) We are not prepared to hold that the dismissal of a bill in chancery for want of prosecution while the cause is still pending on a reference to a master might not, under certain circumstances, be proper. The failure to prosecute might consist in a failure to proceed under the order of reference to the master or to take any steps in preparation for the final disposition of the cause. But such is not the situation presented on this record. Manifestly, neither counsel expected that the cause, after a reference to a master, was to be placed on the regular calendar or that it would be heard until the master had made his report to the court. Clearly, the cause was dismissed because neither the clerk nor the trial court had made any notation on the trial calendar that the case had been referred to a master in chancery. The provision of section 21 of the Practice act of 1907 that 'all causes shall be tried, or otherwise disposed of, in the order they are placed on the docket, unless the court, for good and sufficient cause, shall

otherwise direct,' does not affect the situation here. The court had practically otherwise directed by the order of reference, which, beyond question, was overlooked inadvertently by the trial judge in entering the order dismissing the case in the absence of both counsel. The order was erroneous and not void.''

In the case of *Maniatis v. Carclin,* 287 Ill. App. 154, the court in citing from the case of *Madden v. City of Chicago,* 283 Ill. 165, said:

'' 'Plaintiffs in error contend that the circuit court erred in re-instating the cause, first, because it had lost jurisdiction; second, the mistake sought to be corrected, if any, was one of law and not of fact; and third, the error, if any, in striking the cause from the docket of July 18, 1914, was cured by the general order of June 17, 1915, by which the cause was re-instated on the trial calendar.

''Section 89 of the Practice Act abolishes the writ of error *coram nobis* and provides that all errors of fact committed in the proceedings of any court of record, and which by the common law could have been corrected by that writ, may be corrected by the court in which the error was committed upon motion in writing made at any time within five years after the rendition of final judgment. In support of their contention that the error, if any, committed in striking the cause from the docket was one of law and not of fact, plaintiffs in error cite and rely upon a line of cases which hold, in substance, that any error intervening where a court is called upon to make a judicial determination is an error of law and not of fact. As disclosed by the affidavit in support of the motion to reinstate, the court, upon the calling of the calendar on July 18, 1914, performed no judicial act based upon a consideration of facts presented. Under the rule of court the call of the calendar was had merely for the purpose of enabling the attorneys in the cases to express their

wishes as to whether the cases in which they were respectively employed should be set for trial, continued or stricken from the docket. It was the duty of the minute clerk, under this rule of court, to indicate merely the desire of each attorney as expressed, and the court, in making the order, merely followed the minute made by the clerk. This was not a judicial determination, and if by error the clerk did not correctly note the request of an attorney the mistake was one of fact and not of law, even though the court acted upon the error made by the clerk. Defendant in error and his attorneys having responded on the call of the calendar that the case was for trial and having been assured by the clerk that the request was understood, were warranted in assuming that the cause would be placed on the trial calendar and tried in due course. The mistake was clearly one of fact and not of law, and it was proper to entertain the motion made, under the provisions of section 89 of the Practice Act. . . .' ''

In the instant case we think the order of the court dismissing said cause was erroneous as such ruling was based on a fact which was unknown to the court. The court subsequently did right in setting aside the dismissal of said suit.

For the reasons herein given the order of the superior court setting aside the order of dismissal is affirmed.

*Order affirmed.*

HALL, P. J., and HEBEL, J., concur.