Francis X. Lingerman, Appellee, v. Elgin, Joliet & Eastern Railway Company, a corporation, Appellant.

**Gen. No. 47,519.**

First District, First Division.
September 28, 1959.
Rehearing denied February 3, 1960.
Released for publication February 8, 1960.

Stevenson, Conaghan, Velde, Hackbert, Rooks and Pitts, of Chicago (Harlan L. Hackbert and Robert L. Hesse, of counsel) for appellant.

James A. Dooley, of Chicago, for appellee.

JUSTICE McCORMICK delivered the opinion of the court.

This appeal is taken from an order of the Circuit Court of Cook County setting aside a dismissal for want of prosecution and reinstating the case, which order was entered upon motion and petition filed more than thirty days after the entry of the order of dismissal.

From the record before us it appears that on January 10, 1955 plaintiff filed his complaint under the Federal Employers' Liability Act seeking to recover

damages for personal injuries sustained on September 11, 1954. On September 6, 1957 the case was assigned for trial to Judge Kluczynski. The case was on call five times in the fall of 1957. On the first of such occasions plaintiff's counsel reported "ready" and a representative of the attorney for the defendant stated that the attorney who would try the case was otherwise engaged. At that time the court recommended a settlement of $20,000. The attorney for the defendant was to report back to the court concerning the proposed settlement. Nothing further was done concerning this matter by the defendant. On three of the other four calls in the fall of 1957 the attorney for the defendant did not respond, and on the fourth was approximately one hour late. On those four calls plaintiff's attorney responded. On January 20, 1958 the case was on call before Judge Kluczynski and an associate of the attorney for the plaintiff reported to the court and was told, as he recalls it, to again report to the court on January 23, 1958. On January 22, 1958 the case was on Judge Kluczynski's daily call sheet as being held for trial. The rules of the Circuit Court then in force provided that notice of all calls should be published in the Chicago Daily Law Bulletin. The Chicago Daily Law Bulletin of January 21st, carrying the call for January 22nd, did not list the case. The Law Bulletin on Wednesday, January 22nd, listed the case as being held for trial before Judge Kluczynski on January 23rd. On January 22nd neither the plaintiff nor the defendant responded to the call of the case and Judge Kluczynski on his own motion dismissed the case for want of prosecution. No action was taken by the plaintiff to set aside the dismissal and have the case reinstated until February 27, 1958, when the plaintiff filed a motion to vacate the order dismissing the case. This motion was continued on March 3rd to March 10th. On March 10th the plaintiff filed a sworn

3

petition, subsequently amended, to vacate the order of January 22nd.

In support of the motion and petition certain affidavits were attached. In the petition the attorney of record for the plaintiff states under oath that the Chicago Daily Law Bulletin has been relied on by both members of the bench and bar for the listing of daily court calls, and copies of portions of the issues of the Law Bulletin of January 21st and January 22nd, 1958 are attached as exhibits. In the petition he further states that the plaintiff has a good and meritorious cause of action.

No answer to the sworn petition was filed by the defendant, nor did it file any counteraffidavits. By failing to file an answer all matters well pleaded in the petition are admitted (30 I. L. P. Pleading Sec. 59; Laegeler v. Bartlett, 10 Ill.2d 478). The defendant failed to file counteraffidavits, hence relevant statements of fact contained in plaintiff's affidavits must be taken to be true (Lane v. Bohlig, 349 Ill. App. 487; Rossten v. Wolf, 14 Ill.App.2d 322).

On March 17, 1958 a hearing was had on the motion before the trial judge. No evidence was taken, and after arguments of counsel the trial court entered an order vacating the order of January 22, 1958 and reinstating the cause. This appeal is taken from that order.

Both the plaintiff and the defendant are in accord that the petition acted upon by the trial court was brought under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1957, chap. 110, par. 72). That section provides for an exclusive method of relief from all final orders, judgments and decrees after the expiration of thirty days from the entry thereof. It abolishes various methods of relief, including writs of error *coram nobis* and bills of review, and it provides that all relief heretofore available "either at law or in

4

equity, whether by any of the foregoing remedies or otherwise, shall be available in every case, by proceedings hereunder." It also provides that there shall be no distinction among actions at law, suits in equity and other proceedings, statutory or otherwise, as to availability of relief, grounds for relief, or the relief obtainable, and that any order entered granting or denying the relief sought is appealable.

The defendant contends that the petition did not set up sufficient facts to justify the trial court in proceeding under that section and that the plaintiff was guilty of laches.

Before the passage of the Practice Act of 1933 the writ of error *coram nobis* had been abolished by statute and a substituted motion provided for under which the relief available under the common law writ could be obtained, and it was held that where the clerk improperly placed a case on the trial call and it was dismissed it could be reinstated under that motion. Madden v. Chicago, 283 Ill. 165; McGrath & Swanson Const. Co. v. Chicago Rys. Co., 252 Ill. App. 476. It has also been held that if it is shown under that motion that there are facts in existence which, if they had been known to the court at the time, would have prevented the court from either entering judgment or dismissing the case, the motion should be sustained. Smyth v. Fargo, 307 Ill. 300; Jacobson v. Ashkinaze, 337 Ill. 141; Carstedt v. Mills Novelty Co., 298 Ill. App. 275; Rosenthal v. Wald, 252 Ill. App. 383. A court of equity had power to vacate a judgment at law where the party complaining had been prevented from interposing a defense through accident, fraud or mistake without fault or blame on his part. Higgins v. Bullock, 73 Ill. 205; Ward v. Durham, 134 Ill. 195; Hilt v. Heimberger, 235 Ill. 235; Wagner v. Sulka, 336 Ill. App. 101. The courts repeatedly held that the relief sought under the statutory motion substituted for

the writ of error *coram nobis* was not addressed to the equitable powers of the court. Loew v. Krauspe, 320 Ill. 244; Rosenthal v. Wald, 252 Ill. App. 383; Wagner v. Sulka, supra.

Section 72 of the Civil Practice Act in force before the revision of 1956 abolished only the common law writ of error *coram nobis* and did not contain the provisions in the present Act providing that the grounds for relief available either in law or in equity shall be available in any action brought under this section. While the former Act was still in force the Supreme Court decided the case of Ellman v. De Ruiter, 412 Ill. 285. The case involved the entry of default judgments which the trial court had vacated on a petition brought under the former section 72 of the Practice Act. The Appellate Court reversed the order of the trial court in Ellman v. De Ruiter, 344 Ill. App. 557, and in that opinion the Appellate Court again stated that the defendant's petition is not addressed to the equitable powers of the court. The Supreme Court, in commenting upon the opinion of the Appellate Court, said: "We gather from this language that the court felt defendant was entitled to relief but that it was powerless to grant it under the statutory motion which has been substituted for the writ of error *coram nobis*." The court in its opinion examines and discusses the writ of error *coram nobis* at common law and the procedure in the State of Illinois under the substituted statutory motion. The court concludes that the use of the motion had not been restricted to the narrow confines of the common law, but had been broadened so as to apply to many new situations, and says:

"While our present Civil Practice Act has not effected a complete amalgamation of the practice and procedure in common-law and suits in equity in this jurisdiction, it is our opinion that there has been a

6

fusion sufficient to enable a court of law, when the occasion demands it, to apply equitable principles in administering the summary relief available under the motion which has been substituted for writ of error *coram nobis*. Stated differently, it is our belief that the motion may, under our present practice, be addressed to the equitable powers of the court, when the exercise of such power is necessary to prevent injustice."

The defendant argues that that case is not applicable to the case now before us because the factual situations are different. As we read the Ellman case the court laid down a new and general principle of law governing the procedure under section 72, under which, as we said in Lichter v. Scher, 4 Ill.App.2d 37, ". . . the motion is addressed to the equitable powers of the court, to be exercised under those extraordinary circumstances which are necessary to prevent injustice." In Bernier v. Schaefer, 11 Ill.2d 525, the Supreme Court sustained an order of the Circuit Court of Cook County denying the defendant's petition to vacate orders of the court after thirty days had expired, saying: "As we view the matter, however, the order of the trial court was correct in either case. For, taking the allegations of the defendant's petition as established, *we do not believe the trial court abused its discretion in refusing to vacate the orders.*" (Italics ours.)

In Stephens v. Baker & Baker Roofing Co., 130 Cal. App.2d 765, 280 P.2d 39, a motion was made to vacate a judgment after term time under a statute which gave the party a right to set aside a default judgment within six months of entry for inadvertence, mistake or excusable neglect, and the court held that a motion under that section is addressed to the sound discretion of the trial court and that its determination will not be disturbed in the absence of a clear showing

7

that such discretion has been abused. Quoting from Vartanian v. Croll, 117 Cal.App.2d 639, 256 P.2d 1022, the court says:

" 'There are relatively few reversals in this field. Of course, where there has been the entry of a default and the trial court sets it aside the appellate courts seldom reverse because of the strong public policy favoring trials on their merits.' "

■ Here, at the time when the court entered its order reinstating the case, it was admitted that the Chicago Daily Law Bulletin, which under the rules of the court published all court calls, did not indicate that the case was on Judge Kluczynski's trial call on January 22nd, but it did indicate that the case was on the trial call for January 23rd. This is further substantiated by the affidavit of an attorney associated with the attorney of record, for the plaintiff, in which affidavit he says that to the best of his recollection the case had been set for January 23rd. The defendant argues that the affidavit does not categorically state that the case was set by Judge Kluczynski on January 23rd. However, in any case, when a person makes an affidavit concerning a statement made by another person at a prior time, he is of necessity stating his best recollection, and in our opinion the affidavit is sufficient. The fact that the defendant has neither here nor in the trial court stated that the case was set by Judge Kluczynski for January 22nd is very significant, and it could be construed as supporting the contention of the plaintiff that the case was set by Judge Kluczynski on his trial call for January 23rd and not for January 22nd. As was said in Holbrook v. Lawton, 207 Ill. App. 497, at p. 503: "A judge, as well as an attorney, may be misled by the fault of a clerk." The trial court could have properly found that the case appeared on his trial call on January 22nd through a mistake of the clerk. So finding, the

8

order of dismissal should have properly been set aside even under the motion substituted for the writ of error *coram nobis* as provided for in the Practice Act in force before 1933, and certainly after the decision of the Supreme Court in Ellman v. De Ruiter, supra, and the 1956 revision of section 72 of the Practice Act the court must of necessity so rule.

█ The defendant also argues that the plaintiff was guilty of laches in that he did not bring his petition to reinstate within thirty days. Both parties, as we have said, admit that the petition was filed under section 72 of the Practice Act. Under the section of the Practice Act in force before 1933 providing for the motion substituted for the writ of error *coram nobis* there was a fixed limitation of five years. Under the present section 72 the limitation is two years. In Puterbaugh, Common Law Pleading and Practice, 10th ed., sec. 843, referring to the provision under the former Practice Act, it is stated: "The five years allowed by this section for the making of the motion cannot be abridged on the grounds of laches or delay in making it, and those actions subject to a less period of limitation are not excluded from the application of this section." See also Reid v. Chicago Rys. Co., 231 Ill. App. 58, and Central Cleaners & Dyers, Inc., v. Schild, 284 Ill. App. 267. In the instant case the motion to reinstate the case was filed by the plaintiff six days after the expiration of the thirty-day period. The defense of laches could not be invoked against the plaintiff.

The trial court did not abuse its discretion. The order of the Circuit Court of Cook County entered March 17, 1958, vacating the order of dismissal and reinstating the cause is affirmed.

Affirmed.

DEMPSEY, P. J. and SCHWARTZ, J., concur.